PROVIDENT LIFE & TRUST CO. OF PHILADELPHIA v. MILLS, Sheriff, et al.

(Circuit Court, D. Washington, W. D.    January 9, 1899.)

1. JURISDICTION OF FEDERAL COURTS — INJUNCTIONS — PROCEEDINGS IN STATE COURTS.

Proceedings under an execution against property, issued to enforce a money judgment rendered in a state court, are proceedings in such court, within the meaning of Rev. St. § 720, and cannot be restrained by an injunction issued by a federal court; but, if the sheriff levies upon property not owned by the judgment defendant, his acts are contrary to the command of the writ, and are not proceedings in the court, within such section.

2. SAME—EQUITABLE JURISDICTION—ENJOINING EXECUTION SALE.

Where real estate of a complainant, of which he is in possession, has been levied on under a judgment of a state court against another person, to which he was not a party, and, under the laws of the state, complainant would be entitled to bring a suit against the purchaser at a sale under such levy, for the cancellation of his deed, of which suit a federal court would have jurisdiction, such court may properly entertain a preventive suit to enjoin the sale.

3. EXECUTORS—CONVEYANCE OF REAL ESTATE—STATUTE OF WASHINGTON.

The section of the Code of Washington (2 Ballinger's Ann. Codes & St. § 6196; 2 Hill's Code, § 955) which permits executors, when so authorized by the will, to take full control of and settle an estate, free from any control by the courts, and without being required to report their doings, is not repealed or affected, as to the conveyance of real estate, by the

further provision of the statute requiring all sales of real estate by execu-tors to be reported to the court for confirmation; and, where an estate is administered under said section, a conveyance of real estate by the executors under authority given by the will conveys a good title without confirmation.

4. EXECUTION—LEVIABLE INTEREST IN REAL ESTATE—OPTIONAL CONTRACT TO PURCHASE.

A unilateral contract giving a person an option to purchase real estate within a specified time does not convey to such person any interest in the property which can be levied on and sold on execution against him.

Phillip Tillinghast and T. L. Stiles, for complainant.

John A. Parker, John C. Stallcup, and J. W. A. Nichols, for defendants.

HANFORD, District Judge. This is a suit in equity for an injunction to restrain the sheriff of Pierce county from making sale of valuable real estate situated in Tacoma, under an execution to enforce a judgment rendered by the superior court of the state of Washington for Pierce county, which has been assigned by the judgment creditor to the defendant Anderson, and is against his co-defendant Otis Sprague. The complainant is in possession of, and claims to have title to, the property, and denies that the defendant Sprague has any interest therein, legal or equitable. The property did belong to John W. Sprague, deceased, the father of Otis Sprague, who died in the year 1893, leaving a will in which his sons, including Otis Sprague, are made residuary legatees and devisees of his estate. As the property in question was not otherwise disposed of, the title passed, upon his death, to the sons, subject to a mortgage which was then unpaid. Otis Sprague and J. R. Hayden are named in the will as executors, and the most complete and ample powers are given to them to settle up the estate and make disposition of the testator's property, free from control of any court, and without judicial proceedings, except to establish the will, and to sell and dispose of the testator's real estate in any manner which the executors deem best, and to convey a perfect title to the purchaser, who is not required to see to the application of the purchase money. The will was duly admitted to probate, and the said executors accepted the trust, and have exercised the powers so conferred upon them. It is unnecessary to recite all the details of the transaction by means of which the complainant claims to have acquired the title. The material facts are that the grantee of the executors agreed to give the property in controversy to the complainant in payment of a debt secured by a mortgage placed upon it by him subsequent to the date of the judgment against Otis Sprague, and for that purpose deeds purporting to convey the title have been executed, delivered, and recorded; and, as part of the same transaction, the complainant agreed in writing to sell the property to Otis Sprague and his brothers for a specified sum, if they should elect to buy it and pay that price within a specified period of time, which has not yet elapsed. The Sprague brothers have not claimed the benefit of their option, nor made any payment to the complainant towards acquiring the property under said contract. The executors have not reported any sale of the property to the superior court for Pierce

county, and the defendant Anderson claims that no title could pass by a conveyance from the executors, without confirmation of the sale by the superior court, as provided by the statutes of this state, as follows:

"Sales or Mortgages to be Made under Order of Court. No sale or mortgage of any property shall be valid unless made under order of the court, unless otherwise provided by law." 2 Ballinger's Ann. Codes & St. § 6250 (2 Hill's Code, § 998); Abb. Real Prop. St. pp. 404–414.

"If it appears to the court that the sale was legally made and fairly conducted, and that the sum bidden was not disproportionate to the value of the property sold, or if disproportionate, that a greater sum, as above specified, cannot be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; and such sale, from that time, shall be confirmed and valid." 2 Ballinger's Ann. Codes & St. § 6274 (2 Hill's Code, § 1022); Abb. Real. Prop. St. pp. 404–414.

"Before any order is entered confirming the sale, it shall be proven to the satisfaction of the court that notice of the sale was given as herein prescribed, and the order of confirmation shall state that such proof was made." 2 Ballinger's Ann. Codes & St. § 6276 (2 Hill's Code, § 1024); Abb. Real Prop. St. pp. 404–414.

"When such provision has been made, or any property directed to be sold, the executor [or] administrator with the will annexed may proceed to sell without the order of the court; but he shall be bound as an administrator to give notice of the sale, and to proceed in making the sale in all respects as if he were under the order of the court, unless there are special directions given in the will, in which case he shall be governed by such directions; but in no [all] cases he shall make return of the sale to the court, which shall vacate such sale unless the same shall appear in all respects to be made according to law, in like manner as upon sales made by administrator." 2 Ballinger's Ann. Codes & St. § 6279 (2 Hill's Code, § 1027); Abb. Real Prop. St. pp. 404–414.

Said defendant also claims that Otis Sprague is the owner of an undivided interest in said property as the devisee and heir at law of his father, which interest is subject to a lien for the amount of the judgment in his favor, and that he is entitled to have said interest sold under the execution upon the judgment; and he relies upon statutes of this state which provide as follows:

"The real estate of any judgment debtor and such as he may acquire shall be held and bound to satisfy any judgment. * * *" 2 Ballinger's Ann. Codes & St. § 5132 (2 Hill's Code, § 460); Abb. Real Prop. St. pp. 196–200.

"All property, real and personal, of the judgment debtor, not exempt by law, shall be liable to execution." 2 Ballinger's Ann. Codes & St. § 5200 (2 Hill's Code, § 479); Abb. Real Prop. St. pp. 209–214.

Said defendant also claims that, even if the complainant acquired a good title, the contract giving to Otis Sprague an option to purchase the property created a right and an interest in the property, which may be sold under the execution in his favor, by virtue of the statutes above quoted. The right of persons in this state to provide for settling up their estates after death without judicial proceedings is given by a section of the Code which reads as follows:

"In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, and where it also duly appears to the court, by the inventory filed, and other proof, that the estate is fully solvent, which fact may be established by an order of the court on the coming in of the inventory, it shall not be necessary to take out letters testamentary or of administration, except

to admit to probate such will, and to file a true inventory of all the property. of such estate 'in the manner required by existing laws. And after the probate of such will and the filing of such inventory all such estates may be managed and settled without the intervention of the court, if the said last will and testament shall so provide: but provided, that in all such cases the claims against such estates shall be paid within one year from the date of the first publication of notice to creditors to present their claims, unless such time be extended by the court, for good cause shown, for a reasonable time: provided, however, in all such cases, if the party named in such will as executor shall decline to execute the trust, or shall die or be otherwise disabled from any cause from acting as such executor, then letters testamentary or of administration shall issue as in other cases: and provided further, if the party named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties taking under the will, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heirs, it shall be the duty of the court of the county wherein such estate is situated to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them, have been or are about to be damaged by such actual doings of the executor, then letters testamentary or of administration shall be had and required in such cases, and all other matters and proceedings shall be had and required as are now required in the administration of estates, and in such cases the costs of the citation and hearing shall be charged against the party failing and neglecting to execute the trust as required in such will." 2 Ballinger's Ann. Codes & St. § 6196 (2 Hill's Code, § 955); Abb. Real Prop. St. pp. 416–419.

But the defendant Anderson contends that this statute is controlled by other sections of the Code above quoted, providing that no sales of a decedent's real estate shall be valid, unless under an order of the court, and that no title passes until the sales have been reported to the court, and an order of confirmation entered. Said defendant also denies the jurisdiction of this court to grant an injunction as prayed for; claiming that section 720, Rev. St. U. S., forbids the issuing of an injunction to restrain proceedings in a state court. Said defendant also contends that a suit in equity for an injunction is not a proper proceeding in which to litigate disputed questions of title to real estate, and denies that there is any equity in the complainant's bill. Said defendant has also filed a special plea setting up that there is another suit pending between the same parties in the superior court of the state of Washington for Pierce county, involving the identical questions in issue in this suit. Upon a hearing the court ruled that said plea was insufficient to constitute a defense, and no evidence in support thereof has been introduced.

1. The question of jurisdiction is first to be considered; and upon this I hold that an execution against property, issued to enforce a money judgment rendered by a state court, is a proceeding, within the meaning of that term as used in section 720, Rev. St. U. S., and that a United States court is by said section forbidden to issue an injunction to restrain a sheriff from executing such a writ. But the judgment is binding only upon parties and privies, and the writ confers no authority upon the sheriff to meddle with property which does not belong to the judgment debtor. The writ commands the sheriff to make the amount required to satisfy the judgment out of the debtor's property. In making a levy upon property of a different person, he does not obey the writ, but acts contrary to its command, and

his acts which are contrary to the writ are not proceedings which the statute forbids the federal courts to interfere with by injunction. Where the levy is made by taking actual possession, the proper remedy, if personal property is the subject of controversy, is an action of replevin, or, if authorized by a statute, a special proceeding to try the disputed question of title, or an action to recover damages; or, where a levy has been made upon land, and possession is taken by the officer, an action of ejectment affords the proper remedy. This is upon the theory that the rights of an owner of property cannot be affected by proceedings in a case to which he is not a party, and that he is not bound by process issued by a court which has not accorded to him an opportunity to be heard in defense of his rights.

2. The right of the complainant to preventive relief in equity is next to be considered. It is true that, under ordinary circumstances, courts of equity refuse to interfere with the proceedings of an officer in the execution of judicial process by granting injunctions in behalf of strangers claiming property, which has been levied upon, by a title paramount or adverse to that of the judgment debtor, for the reason that legal remedies afford ample redress for whatever wrong may be done by the taking of property, under an execution, which is not subject to seizure under the process. In this case, however, real estate is the subject of controversy, and the complainant is in possession. The sheriff has not interfered with the complainant's possession, and the laws of this state do not require an officer to take possession, in order to make a valid levy upon property of this class. The injury which the complainant seeks to avoid will be consummated by creating a colorable claim to an interest in the property in favor of the purchaser at a public sale, which will be an existing cloud upon the complainant's title. If the complainant, with the knowledge of the contemplated sale, remains silent, and permits another to purchase the property and pay for it, the purchaser will have ground to insist that the complainant should be estopped from afterwards denying that the defendant Otis Sprague is the owner of an interest in the property; and, while retaining possession, it cannot maintain an action at law for the purpose of securing an adjudication of the disputed question of title. If the sheriff should be permitted to make the sale as contemplated, and if the complainant is in fact owner of the entire estate, as it claims to be, and if no estoppel against the after assertion of its title should arise in favor of a bona fide purchaser at the sheriff's sale, the complainant would have the right, under the laws of this state, to sue a purchaser claiming an interest in the property, for the purpose of having a judicial determination of the adverse claim of title on the part of such purchaser. The Code of this state provides expressly that:

"Any person in possession, by himself or his tenant, of real property, and any private or municipal corporation in possession, by itself or its tenant, of any real property, * * * may maintain a civil action against any person or persons, corporations or associations, claiming an interest in said real property, or any part thereof, or any right thereto, adverse to him, or them, or it, for the purpose of determining such claim, estate or interest. * * *" 2 Ballinger's Ann. Codes & St. § 5521 (2 Hill's Code, § 544); Abb. Real Prop. St. pp. 238–242.

In a note under this section of Ballinger's Code, it is stated that this, as well as the preceding section of the Code, was adjudged to be void, as being an attempt to control the construction of a congressional grant of land, in a decision of this court in the case of Hershberger v. Blewett, 55 Fed. 170. But this is a mistake. The opinion in Hershberger v. Blewett refers to section 551 of the Code of 1881, which was divided by Judge Hill, and reproduced as sections 543 and 544 of 2 Hill's Code, and is again reprinted as sections 5520 and 5521 of 2 Ballinger's Annotated Codes & Statutes. It was not intended in that decision to hold section 551 of the Code of 1881 to be void in its entirety. The several provisions of that section are not so connected as to be inseparable, and the decision does not go further than to hold that the legislature of Washington Territory did not have power to enlarge the rights of a settler claiming land under the Oregon donation law, so as to give him an inheritable interest in the land claimed, before he had fulfilled the conditions prescribed by the act of congress as prerequisite to the acquisition of the title from the government. The provision supposed to have been intended to accomplish such an enlargement of a settler's right is contained in that part of section 551 of the Code of 1881 which is now section 543 of 2 Hill's Code and section 5520 of 2 Ballinger's Annotated Codes & Statutes. The decision, therefore, does not raise a question as to the validity of section 5521. I have always regarded this statute as being eminently just and salutary, and the supreme court of the United States has affirmed the right of the federal courts to grant the relief provided for by similar statutes in other states, in cases coming within their jurisdiction. Holland v. Challen, 110 U. S. 15–26, 3 Sup. Ct. 495; Reynolds v. Bank, 112 U. S. 405–413, 5 Sup. Ct. 213. As this court would have the power, under the conditions I have supposed, in a suit brought by the complainant in this case while in possession of the property, to cancel a sheriff's deed as being a cloud upon its title, it is reasonable and according to the true spirit of equity for the court to entertain jurisdiction of this suit for the purpose of settling the adverse claims of the parties, and to prevent such a shade from being cast upon the title, if the complainant sustains the averments of its bill by sufficient proof. 8 Enc. Pl. & Prac. p. 480, 481, and notes; Pettit v. Shepherd, 5 Paige, 493.

3. Upon the death of Gen. Sprague, the title to the property in controversy passed at once to the devisees named in his will, but charged with the trust declared by the will,—that is to say, the executors were fully authorized to take possession of the property, and use the income therefrom, if necessary, in the payment of expenses incidental to settling up his estate, and in the discharge of his debts and obligations; and they could lawfully sell the property, if, in their judgment, a sale was necessary for the purpose of executing the will, and convey a perfect title, as against the devisees and their creditors, without other authority than the power given by the will itself. The Code of this state provides for two methods of administering the estates of deceased persons: One method is by the usual proceedings in which the business is transacted by an executor or administrator under the direction and subject to the control of the superior court.

The other method is provided for by section 6196 of 2 Ballinger's Ann. Codes & St. (2 Hill's Code, § 955), in which executors appointed by will, without having letters testamentary issued to them by any court, take full control of the estate, and administer it as trustees, according to their own discretion, and entirely free from the control of the court, and from the requirements of the law as to making reports to the court of their doings, and without any necessity for judicial confirmation of their acts. The statute referred to expressly authorizes this method of settling estates; and the people of the state have in a great many cases adopted this simple and inexpensive plan for meeting their obligations, and transferring their property after death; and the supreme court of the state has repeatedly affirmed the validity of sales and transfers of real estate made by executors, when so authorized, without the sanction of judicial decrees. Newport v. Newport, 5 Wash. 114, 31 Pac. 428; Miller v. Borst, 11 Wash. 260, 39 Pac. 662. The provisions of the Code requiring executors in all cases to report sales of real estate to the superior court, and giving the court power to set aside or confirm such sales, are not necessarily inconsistent with the provisions of section 6196 (section 955). In seeking for the correct interpretation of these laws, it must be observed that the different methods for settling estates which I have mentioned were originally provided by legislative enactments at different times, and the fact that the several provisions are now grouped under the same title is entirely due to the work of the codifiers; and the legislature itself has not at any time enacted a new and comprehensive statute on the subject, evincing an intention to repeal or nullify section 6196 (section 955). Whatever inconsistency is apparent in the laws as published in the Codes at once disappears when the original statutes are referred to. Section 6196, 2 Ballinger's Ann. Codes & St. (2 Hill's Code, § 955), was originally a separate statute, under the title of "An act to reduce the costs and expenses in the administration of estates, and to provide for the execution of the provisions of wills in certain cases," approved January 29, 1868. See Laws Wash. T. 1868, p. 49. The idea of economy in the expenses of administering estates of deceased persons was followed up at the next session of the legislature by a statute entitled "An act authorizing the settlement of estates of persons dying intestate without administration," approved December 2, 1869. See Laws Wash. T. 1869, p. 298. When the laws of Washington Territory were codified, in the year 1881, the act of 1868 was included as an existing statute, and appears as section 1443 of that compilation; and it next appears as section 955 in 2 Hill's Code. A point is made that section 6279, 2 Ballinger's Ann. Codes & St. (2 Hill's Code, § 1027), which requires an order of confirmation in all cases, was especially enacted by the legislature of the state in 1891 (see Laws 1891, p. 388), and, being a later expression of the legislative will, has the effect to repeal the law enacted in 1868; but it is a well-known fact that in the preparation of Hill's Code a great many bills were presented to the legislature for the purpose of correcting manifest errors in the statutes which were being codified, and a comparison of section 6279 (section 1027) with the same statute as enacted by

the legislature in 1854, and reprinted in subsequent revisions of the laws, shows that the only purpose which the legislature had in mind in re-enacting the same law in 1891 was to correct an error by substituting the word "provision," in the first line, in place of the word "division," which appears in all previous publications of the same section. If it was the intention of the legislature to not only correct an error in the use of a word, but also to repeal a different and important section, such intent would surely have been plainly expressed, instead of being left to rest upon a mere implication. Notwithstanding its association with sections 998, 1022, 1024, and 1027 in the same volume of Hill's Code, the supreme court of the state in the cases above referred to has given effect to this statute as a valid and unrepealed law of this state, and the declaration of that court on the subject is authoritative, and conclusive upon this court.

4. The last question requiring consideration is whether the option given to the Sprague brothers by their contract with the complainant has the effect to vest in Otis Sprague any interest in the property which can be sold under an execution. From my reading of the text-books and decisions of the courts, I have reached the conclusion that an actual sale of real estate, in which the purchaser becomes obligated to pay the price, and the vendor binds himself to convey the title, is quite different from a unilateral contract giving to the purchaser a right to elect in the future whether to take the property and pay for it or not. Where an actual sale is made, the authorities hold that the purchaser acquires by the contract, and before payment of the price, an equitable estate, and becomes a trustee, for the vendor, of the purchase money, and the vendor becomes a trustee of the title. 1 Sugd. Vend. (8th Am. Ed.) 270; 3 Pars. Cont. (7th Ed.) 358, 383. But, where the contract gives only an option to purchase, the purchaser cannot be said to hold the price in trust for the vendor; and, before he has elected to become a purchaser, it is contrary to all rules of reason and good sense to accord to him the rights of ownership. Chappell v. McKnight, 108 Ill. 571. Without some special grounds for the exercise of its powers, other than the making of such a contract, a court of equity would refuse to decree specific performance of a contract to sell real estate, in a suit by a purchaser who is not bound to execute the contract on his part. Mutuality of obligation is one of the essential elements of all contracts which courts of equity will enforce specifically. 3 Pars. Cont. (7th Ed.) 354; Pom. Cont. § 163. If the contract vests in the purchaser a right which is vendible, and which may be sold under an execution, the proceedings to make an execution sale must have reference to the contract, distinctly, and not to real estate which the debtor has not acquired. Most of the authorities hold that an execution against the purchaser of real estate cannot be levied upon the property while the legal title remains in the vendor. Freem. Ex'ns, § 194. Whether the statutes of this state provide a different rule as to the right to levy upon an equitable interest in real estate after the judgment debtor has acquired such an interest, is a question which I do not have to consider. I prefer to rest my decision of this case upon the ground that the contract does

not convey to Otis Sprague any interest in the property. It is my conclusion that the complainant is entitled to have a perpetual injunction as prayed for, and it will be so decreed.