[No. 573.   Decided October 25, 1892.]

ALMA NEWPORT, *Appellant*, v. W. R. NEWPORT, E. J. DYER AND MERRICK L. CHENEY, *Respondents*.

DECEDENT'S ESTATES — SETTLEMENT OUT OF COURT — CONSTRUCTION OF WILL — PAYMENT OF DEBTS AND LEGACIES — PRIORITY.

Under the statutes of this state (Code 1881, § 1443; Code Proc. § 955), where a testator provides by will that the trustees of his estate shall manage and settle the estate in the manner directed in his will without the intervention of the court having probate jurisdiction, the power of such trustees is derived from the will and their duty prescribed by it, and, so long as they faithfully comply with its provisions, their acts cannot be called in question by any court.

Where one item in a will directs the trustees of the estate "to sell, transfer or assign any of [the testator's] real or personal property, chattels, effects or choses in action, and to apply the proceeds to the payment of [the testator's] debts, should the same be found necessary to their speedy payment and settlement," and another item directs the trustees to collect the income, rents, issues and profits of the estate as the same may accrue or be due and payable, and pay same over to certain beneficiaries at least once in three

months during a period of ten years, during which the estate is to be held in trust prior to distribution to devisees and legatees, it is, plain that the intent of the testator was to have the income, rents and profits of his estate distributed to the beneficiaries named, and the trustees have no authority to divert such income, etc., to the payment of the debts of the estate, ample provision having been made therefor by the will.

*Appeal from Superior Court, Spokane County.*

*H. M. Stephens*, for appellant.

*Jones & Voorhees*, for respondents.

The opinion of the court was delivered by

ANDERS, C. J.—On September 23, 1891, one Edward J. Brickell died testate in the county of Spokane, in this state, leaving property and estate in said county of the alleged value of about $1,000,000. The testator, by his will, appointed the respondents trustees of his estate, and empowered and directed them to take possession and control thereof, without giving bonds for the faithful performance of their trusts, and to manage and settle the same without any other or further intervention of the probate court than to admit the will to probate, and to receive, settle and approve the accounts of said trustees, and award them their compensation and commissions in the manner in said will described. The will was duly admitted to probate by the superior court of Spokane county on the 20th day of October, 1891, but, in accordance with the directions of the testator, no letters testamentary were issued to the respondents, or either of them.

Ever since the will was probated the respondents have been in possession and control of the estate of the testator, and have collected the income, rents, issues and profits thereof, amounting to about $800 per month, and applied the same in payment of the claims, debts and demands against the deceased and his estate at the date of his death, and have failed and refused to distribute or pay the same

to the legatees and distributees named in said will, although demand therefor has been made for such distribution and payment by said legatees and distributees. The respondents have managed the estate entrusted to them by the deceased without reference to the requirements of the law applicable in regular administration of estates, respecting publication of notice to creditors, and the presentation of claims against the estate for the approval of the court before payment, but in so doing they have followed implicitly, as they conceive, the directions of their testator as set forth in the will. They have filed no account in the superior court of Spokane county, nor rendered an account of their receipts and disbursements, or any statement pertaining to said property and estate, to the legatees and distributees named in said will. No fraud or intentional malfeasance or misfeasance is charged against the respondents.

This action was brought by appellant, who is a daughter of said testator, and a legatee named in said will, for the purpose of requiring the respondents to apply for and secure letters testamentary upon said estate, and to regularly administer the same according to the general law pertaining thereto, and to pay over all the income, rents, issues and profits of said estate to the legatees named in said will, at least once every three months, and to prohibit them from applying any portion thereof to the satisfaction or payment of any claims or demands against said deceased or his estate, and to file annual accounts and exhibits in the superior court of said county. A demurrer was interposed to the complaint on the ground that it does not state a cause of action, which demurrer was sustained, and judgment dismissing the action and for costs against the appellant was rendered, to reverse which this appeal is prosecuted.

There are but two questions for our determination in this case. *First*, Are the respondents legally authorized to

manage and settle the testator's estate, in the manner directed in his will, without the intervention of the court having probate jurisdiction? *Second*, Are the respondents authorized by the provisions of the will to pay the debts of the deceased out of the income of the estate, or is it their duty to pay over such income, or rents, issues and profits to the legatees named in the will during the time specified therein?

It is clear to our minds that the first question must be answered in the affirmative. That the will was made under, and with special reference to, the provisions of § 1443 of the Code of 1881 (Code Proc. § 955), there can be no doubt, as it is so stated in the first item thereof. That section provides, among other things, as follows:

"In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, it shall not be necessary to take out letters testamentary or of administration, except to admit to probate such will in the manner required by existing laws, and after the probate of such will, all such estates may be managed and settled without the intervention of the probate court, if the said last will and testament so provides."

The provisions of the above statute are plain and explicit, and we see no reason why full force and effect should not be given to it, in all cases coming clearly within its terms. The Revised Statutes of Texas of 1888 (art. 1942) contain a provision quite similar to our statute, and which the supreme court of that state, in several decisions cited in the brief of respondents, have construed and upheld. In *Lumpkin v. Smith*, 62 Tex. 251, it was held that, where a will is made under the statute, and the executor has qualified as therein required, the estate is withdrawn from the jurisdiction and control of the county court. See also *Dwyer v. Kalteyer*, 68 Tex. 554 (5 S. W.

Rep. 75 ). In this case we have no doubt that the repond-
:ents can do anything which an ordinary executor could do
in honestly administering the testator's estate, free from
the control or supervision of the superior court. Their
power is derived from the will, and their duty prescribed
by it, and, so long as they faithfully comply with its pro-
visions, their acts cannot be called in question.

Coming now to the second question to be determined,
we may say that we agree with the learned counsel for the
respondents that before an executor can safely pay over
legacies of any description, he must settle or provide for
the adjustment of all valid legal claims against the estate.
But it does not necessarily follow from this that the debts
may be paid in a manner other than that specified by the
testator. It is a general rule in the construction of wills
that the intention of the testator must govern, and that in-
tention must be ascertained from the will itself. In mak-
ing this will the deceased seems to have had two things
prominently before his mind, namely, to pay his debts,
and to provide for the support, maintenance and education
of certain legatees named therein, nearly all of whom were
his children or grandchildren. The provision of the will
in respect to the payment of debts is as follows:

"I direct that my said trustees pay all my just debts
which may be due and owing in the State of Washington,
as soon as possible after my death, and that they apply to
the payment thereof any ready money which may be on
hand in my estate in said State of Washington, or if there
should not be sufficient ready money on hand for this pur-
pose, then that they apply to the payment thereof in their
discretion, either, first, any of my personal property, effects
or assets, directly, or the proceeds of the sale thereof, sav-
ing and excepting, however, my stock in the Trader's Na-
tional Bank of Spokane Falls, which stock I desire to
remain and be preserved intact, so far as possible, for the
purpose of carrying out the remaining provisions of this
trust, or secondly, any of my real property situated in said

State of Washington, and I hereby confer full power on my said trustees, in their discretion, to sell, transfer or assign any of my real or personal property, chattels, effects or choses in action above described, and to apply the proceeds of such sale, transfer or assignment to the payment of such debts, should the same be found necessary to their speedy payment and settlement.''

This direction is clear and explicit, and could not well be misunderstood. All of his property, except certain bank stock, is, in effect, appropriated, if necessary, to the payment of all just debts by the testator. It was therefore the first duty of the respondents to carry out and execute this provision of the will.

By the terms of the will the trustees are to manage and control the estate for a period of ten years from and after the death of the deceased, and, during that time, they were directed to collect and receive the income, or rents, issues and profits of the estate, and pay the same over to the beneficiaries named, in the manner therein set forth. The language of the will as to payment of legacies is as follows:

''I direct that they collect such income, rents, issues and profits from time to time as the same may accrue or be due and payable, and that they pay over to my said beneficiaries, hereinafter named, as and when said income or rents, issues and profits are received, but as often in any event as once every three months, if the same should be found practicable, I desiring to avoid any accumulation of income; but foreseeing from the scattered character of my estate that it will be highly inconvenient, if not impracticable, for my trustees to make any division or payments of the income to my beneficiaries oftener than once every three months.''

Following this is a detailed statement of how the said income, so collected, is to be divided and distributed, which need not be here set forth.

From the foregoing provisions of the will, as well as others that might be mentioned, it seems evident that it

was the intention of the testator that his debts should be speedily paid out of the money and property on hand at the time of his death, and that the income arising from the remainder should be collected and regularly paid over every three months to the beneficiaries designated, for a period of ten years, after which the whole estate is to go to the ultimate devisees in the manner particularly provided therein. The testator assumed to stand *in loco parentis* as to the legatees mentioned in the will, and seems to have been extremely solicitous that they should be provided for, and for that purpose set apart the income of his estate for a definite and ample time, and authorized the use of no part of it for any other purpose whatever except the payment of the necessary expenses of administration in the discretion of respondents. It may work a great hardship upon these legatees, especially the children who need education as well as maintenance, to withhold from them the allowance set apart for them by their relative and benefactor, and it should not be done if possible to be avoided.

It being admitted by the demurrer that the respondents have failed to pay over the same in accordance with the directions of their testator, that they have used the said income in payment of debts against the estate otherwise provided for, and that they have not filed accounts of their trusteeship at the times and in the manner prescribed by the will, we are of the opinion that the complaint states a cause of action.

The judgment is, therefore, reversed, and the cause remanded to the court below, with directions to overrule the demurrer.

STILES, SCOTT, DUNBAR and HOYT, JJ., concur.