[No 2124. Decided September 17, 1896.]

MARY A. SMITH et al., Appellants, v. ANDREW C. SMITH et al., Executors, Respondents.

WILLS — CONSTRUCTION — TRUSTEES — PROBATE JURISDICTION.

Where trustees of the property of an estate, instead of executors, have been appointed by a will, the probate court has no jurisdiction of questions involving their management of the estate, but the same are triable in equity.

A will devising and bequeathing to certain persons all the testator's property, "in trust, nevertheless, to and for the following uses and purposes," etc., constitutes such persons trustees, though they may be denominated in the will as executors, especially when it appears from the will construed as an entirety, that such was the intent of the testator, inasmuch as a non-resident is named as one of the executors and certain trust property of the testator is included in the devise.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge.    Affirmed.

*Doolittle & Fogg*, for appellants.

*Parsons, Corell & Parsons*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This case involves the construction of a will. The petition of the appellants charges the respondents with mismanaging the estate of decedent, Edward S. Smith, and prays for an accounting by the said alleged executors, for the revoking and setting aside of an order theretofore made by the court ac-

cepting the report of said executors, and for the removal from office of said executors and the appointment of some suitable person in their stead, and for other relief. A demurrer was interposed to the petition, which demurrer was sustained by the court. Judgment for costs was rendered and from such judgment on the demurrer appeal was taken to this court.

The appellants' brief in this case is exceedingly elaborate. Hundreds of cases are cited, but the brief is so prepared that it is difficult to determine frequently whether the learned author is quoting the decisions of courts or is setting forth his own argument in the case, and this defect in the brief has necessitated an examination of many cases, which examination might have been otherwise obviated. We have examined many, but not all of the authorities cited, but have obtained very little light from such cases, for they seem to us not to bear on the construction of such a will as the one which is before us. The petition in this case is extremely redundant, prolix and tautological, and is attacked by the demurrer for several alleged defects; but outside of the question as to whether or not the petition sets forth facts sufficient to constitute a cause of action in that it does not show that a sufficient notice of the former settlement of the executors had not been made and that it was defective for want of all the proper parties plaintiff, we think the first objection to the petition, that the probate court did not have jurisdiction to entertain the petition, must be sustained. We think it will be conceded that if the respondents were made trustees of the property of the estate by the will, instead of executors, the probate jurisdiction could not attach, but that the case should be tried by a court of equity, and the respondents should be called upon to account

for their trust under the statute of trusts instead of under the statute of probate. So that the pivotal question is, were these respondents trustees or executors.

The portion of the will necessary for construction is as follows :

" I, Edward S. Smith, of Tacoma, in the County of Pierce and Territory of Washington, being of sound and disposing mind, do make, publish and declare this my last will and testament in manner following, hereby revoking all former wills by me made.

" 1st. I appoint my brother, Andrew C. Smith, of Rochester, Minnesota, and my friend, George O. Kelly, of said Tacoma, executors of this my last will and testament, to serve without giving bonds, and direct that, in case of the death of either of them, the survivor may act and do all things that both could do if living.

" 2nd. I give, devise and bequeath to my said executors, all and singular my property, real and personal, and all property standing in my name, wheresoever situated, in trust, nevertheless, to and for the following uses and purposes, viz.: I direct my said executors to sell all and singular the said property, both real and personal, at such time, in such manner, and on such terms and for such prices, as is in their opinion for the best interest of my estate, and to convey the titles to said real estate by deed, and from the net proceeds of said sales, belonging to said estate, after paying to my wife such sums as in their opinion may be required for her support, to divide the remainder equally between my children, share and share alike.

" 3rd. And, whereas certain real property which I hold is of such a character that it may be considered by my said executors that it should not be sold immediately, the same, or any part of it, may be held by them, in their discretion, for a period not exceeding ten years."

It seems to us that this will, construed ·as an entirety, plainly indicates that it was the intention of the decedent to make trustees of these respondents, although they are denominated executors by the will. All that the devisor probably meant was that these respondents should execute the trust, for the duties which he imposed upon them were purely and simply the duties of trustees. This is set out in the second paragraph of the will, after the words: "I give, devise and bequeath to my said executors all and singular my property, real and personal, and all property standing in my name wheresoever situated," by the qualifying words, "*in trust, nevertheless, to and for the following uses and purposes.*" That is, notwithstanding the devise and bequest to the said executors, nevertheless said devise and bequest was in trust for the uses and purposes specified. Had the word "executors" not been used by the devisor it could not have been contended that the will did more than to appoint the respondents trustees of the estate.

Again, under our laws an executor of an estate must be a resident of the state in which the estate is situated, and this will especially recites that one of the executors, viz., Andrew C. Smith, is a resident of Rochester, Minnesota. Again, the will itself shows that a portion of the property of the estate, and which was bequeathed to the respondents, was property not belonging to the devisor but property for which he was a trustee and therefore property for which he could not have appointed an executor; for there is no case which goes to the extent of holding that where the decedent was himself a trustee of the property devised, either his executor or trustee, by whatever name he might be called, or the property so held in trust, would be subject to the jurisdiction of a probate

court. Altogether, we think it was the evident intention of the devisor to constitute the respondents here trustees only of his estate.

This was the view taken by the court below upon the approval of the report of the respondents heretofore mentioned, and the order of the court was :

"And it further appearing that the said Andrew C. Smith and George O. Kelly, as devisees and trustees of the estate of said decedent, have not fully closed the trust imposed upon them by said will, and that their duties as executors in connection with their said office as trustees, to which this court as a court of probate is without jurisdiction, and as the court is of the opinion that all of said matters can be more fairly and equitably adjusted upon their final report and statement of their account as such trustees, it is ordered that all said matters and the further hearing hereof be continued until such final settlement of such trustees shall be had, including their compensation as such executors and all such allowances as may seem upon such final accounting to be just and proper, or shall at any time be found and awarded by this court sitting in equity, with leave to said executors at any time to apply for such further order or orders herein as they may be advised are proper for the final completion of their duties."

The record shows that an action in equity for an accounting has been commenced in this case and is now pending. We think all the relief which appellants claim can be properly obtained in that action or in some other action brought for an equitable accounting by these trustees, and that the demurrer to the petition was rightfully sustained.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.