BAKER v. BEACH et al.

(Circuit Court, D. Washington, N. D.    February 3, 1898.)

NATIONAL BANKS—ASSESSMENTS ON STOCKHOLDERS—LIABILITY OF ESTATES.

The widow of a deceased stockholder of an insolvent national bank, who by authority of the will undertook to settle the estate as executrix without judicial proceedings, but failed to transfer such stock to herself or other person, cannot, on the ground that the estate is fully settled, escape liability as executrix for assessments on such stock to the extent of assets of the estate under her control.

This was a suit in equity by Charles H. Baker, as receiver of the Merchants' National Bank of Seattle, against A. I. Beach, Mary L. Macdonald, as executrix of the last will and testament of James Reid Macdonald, deceased, and others, to enforce a liability for assessments on national bank stock.

Stratton, Lewis & Powell, for complainant.
Ira Bronson, for defendants.

HANFORD, District Judge.    The question to be decided in this case is as to the liability of the defendant Mary L. Macdonald, in her capacity as executrix of the last will of her husband, for an assessment upon shares of stock of the Merchants' National Bank, of which he was owner at the time of his death.    The will authorizes the executrix to settle up the estate without judicial proceedings. The executrix has paid all claims against the estate and liabilities of her husband which existed at the time of his death, and now claims the estate and all property rights of the deceased in her own right as the widow of the deceased and as guardian of her minor child. The shares of stock being personal property, ownership thereof passed to her as legal representative of the deceased,—that is, as executrix of the will,—and the estate in her hands was liable for assessment thereon.    As executrix, she could have transferred the title to herself individually, or to any other person.    But, having failed to make such transfer, she cannot be said to have completely settled up the estate, so as to claim exemption from liability in her capacity as executrix to the extent of the value of any assets of the estate remaining subject to her control.    As the law makes no provision for discharging an executrix who assumes to carry out the provisions of a will in settling up the estate of a deceased person without other authority than the will itself, exemption from liability incident to ownership of any property which belonged to the deceased in his lifetime cannot be claimed until the title to all personal property of the deceased has been transferred, and until the heirs have obtained possession of all real property.    A decree will be entered according to the prayer of the bill.