[No. 3214. Decided May 15, 1899.]

THE STATE OF WASHINGTON, *on the Relation of Nellie Phinney,* v. THE SUPERIOR COURT OF KING COUNTY *et al.*

CONSTITUTIONAL LAW—VESTED RIGHTS—SETTLEMENT OF DECEDENT'S ESTATE OUT OF COURT.

The right of a testator to have his estate settled without the intervention of the probate court, under Code 1881, § 1443, where his will provides that his estate shall be settled as provided therein, without letters testamentary or of administration being required, is a vested right, which cannot be taken from him by a subsequent enactment. (FULLERTON, J., dissents.)

*Original Application for Mandamus.*

*Corliss & McKay,* for relator.

*John B. Hart,* for respondents.

The opinion of the court was delivered by

DUNBAR. J.—In April, 1895, George H. Heilbron died. He left a will, commonly called a "non-intervention will," bequeathing his property to various relatives and appointing certain persons executors of the will. In May following, the will was admitted to probate, and the executors have continued in the administration of the estate, uninterrupted by the superior court, until after the taking effect of the law passed by the legislature in 1897, which we will hereafter notice. The estate was valued at about $13,000, against which there were liabilities aggregating about

$33,000, the relator herein having a claim against the estate amounting to $10,000. Upon the taking effect of the law of 1897, the executors came into court and showed the condition of the estate, whereupon it was by the court adjudged insolvent; and the court made the order, pursuant to § 2 of the law of 1897, that the continued administration of the estate should be under the direction of the superior court, as in case of intestacy. The making of this order, and the refusal of the superior court to set the same aside, are the cause of this application.

Section 1443 of the Code of 1881, which is § 955 of the Code of Procedure, is as follows:

" In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, it shall not be necessary to take out letters testamentary or of administration, except to admit to probate such will in the manner required by existing laws; and after the probate of such will, all such estates may be managed and settled without the intervention of the court, if the said last will and testament so provides; *provided, however,* in all such cases, if the party named in such will as executor shall decline to execute the trust, or shall (die), or be otherwise disabled from any cause from acting as such executor, then letters testamentary or of administration shall issue as in other cases; *and provided further,* if the party named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties taking under the will, then, upon petition of any creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heirs, it shall be the duty of the superior court of the county wherein such estate is situated to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition, it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them, have been or are about to be damaged by such acts or doings of the executor, then letters testamen-

tary or of administration shall be had and required in such cases, and all other matters and proceedings shall be had and required as are now required in the administration of estates, and in such cases the costs of the citation and hearing shall be charged against the party failing and neglecting to execute the trust as required in such will."

This is the law which was in operation at the time the will was drawn, under which the will was proven, and under which the estate was being managed up to the time of the going into effect of the law of 1897.   Sections 1 and 2 of chapter 98 of Laws 1897, p. 285, are as follows:

" Section 1.   That section 1443 of the Code of Washington of 1881, being section 955 of the second volume of the laws of Washington, arranged and annotated by William L. Hill, be amended to read as follows:   Sec. 1443.   In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, and where it also duly appears to the court, by the inventory filed, and other proof, that the estate is fully solvent, which fact may be established by an order of the court on the coming in of the inventory, it shall not be necessary to take out letters testamentary or of administration, except to admit to probate such will, and to file a true inventory of all the property of such estate in the manner required by existing laws.   And after the probate of such will and the filing of such inventory all such estates may be managed and settled without the intervention of the court, if the said last will and testament shall so provide:  *But provided,* That in all such cases the claims against such estates shall be paid within one year from the date of the first publication of notice to creditors to present their claims, unless such time be extended by the court, for good cause shown, for a reasonable time:  *Provided, however,* In all such cases, if the party named in such will as executor shall decline to execute the trust, or shall die or be otherwise disabled from any cause from acting as such executor, then letters testamentary or of administra-

tion shall issue as in other cases: *And provided further,* If the party named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties taking under the will, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heirs, it shall be the duty of the court of the county wherein such estate is situated to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them, have been or are about to be damaged by such actual doings of the executor, then letters testamentary or of administration shall be had and required in such cases, and all other matters and proceedings shall be had and required as are now required in the administration of estates, and in such cases the costs of the citation and hearing shall be charged against the party failing and neglecting to execute the trust as required in such will.

" Sec. 2.   All executors and administrators of estates that have not been fully settled and closed, and who shall not have filed an inventory of all the property as required by the existing laws, shall, within thirty days after the taking effect of this act, file a true inventory of all the property of any such estate, and in case it appears to the court by any such inventory or other proof that any such estates are insolvent, such estates shall be settled by the court as in cases of intestacy, and the court shall make an order requiring the executor or administrator to make a report of his acts to the court."

So it will be seen that the question involved in this case is whether said law of 1897, and especially § 2 of the same, is unconstitutional, for the reason that it affects vested rights.

It may be said at the outset that, although this law deals only with insolvent estates, yet, unquestionably, if the legislature has the right to amend the law in relation to insolvent estates, it would also have the right to amend it

in the respects in which it is amended to govern solvent estates. It is the contention of the relator that the right of the devisor to have his estate settled without the intervention of a probate court was a right which could not be taken from him by subsequent enactment, while it is insisted by the respondents that no vested right has been infringed, but that the law has merely made a change in the procedure.

There are two principles of law which are so well established and so universally conceded that it is not necessary to discuss them here, viz.: (1) That the law which is in existence at the time the contract or agreement is made is incorporated into, and becomes a part of, or rather, the law of, the agreement or contract; and (2) that there is no vested right in any mere procedure. The question here is, not what the law is on these propositions, but under which principle this case falls. We think there has been something more attempted by the legislature here than a mere change of procedure; something more, even, than a question which involves costs or delays, although costs and delays might be so radically affected that such change would amount to more than a procedure and would in reality affect or destroy material rights. But, in this instance, the right of the devisor to appoint his own agent to settle his estate has been invaded. It may well be conceived that had the devisor known that his estate could not be settled and distributed by the parties appointed by him to perform such duty, and in whom he presumably had peculiar confidence, the conditions of his will might have been altogether different. He might even have made a disposition of his property before his death, if he had not been assured that his estate could be administered by agents of his own choice, rather than by agents appointed by the law, in whose selection he had no part and concerning whose qualifications he had no knowledge. The law

is always jealous of the invasion by the legislature of vested rights, and it ought to be particularly so in cases involving the rights of deceased persons, who have no opportunity to change their business plans to correspond with changes of the law. There is danger of great evil resulting from interfering with the well-digested and considered plans for the distribution of an estate of one who can no longer supervise or guide the management of his estate, and the law should, as far as possible, hold sacred his expressed desire in this respect.

The question of whether or not title passes to the executors, and under what circumstances it passes, is one upon which there is a wilderness of authority; and courts have sought to create distinctions between a devise of land to executors to sell, and a devise that executors shall sell land, holding that in the first instance the title passes, while in the second it does not, but creates merely a naked trust power to sell; distinctions which, it seems to us, to say the least, are exceedingly shadowy, and which it would not be profitable in this case to pursue, for the reason that all the cases involving these principles and in which these distinctions are discussed are cases which are not based upon statutes like ours, which directly give the power to a devisor to have his estate settled by agents of his choice without the intervention of the probate court. It may be said that executors, under the statute making provision for what we may term "non-intervention wills," are altogether different officers from executors under probate laws generally, where the executor is in reality an officer of the court, subject to the direction of the court, and obtaining his power to perform the functions of his office by order of the court, and where the actions of the executor become effective only by the indorsement of the court. But under the statute here discussed, the executor derives his powers, not from the court, but from the will; for the will, which

was authorized by the law, especially provides that the executor shall perform the duties of the office and settle and distribute the estate without the intervention of the court. In such case the office of executor is divorced from the court entirely, and he becomes in fact a trustee.

It was decided by this court in *Smith v. Smith,* 15 Wash. 239 (46 Pac. 249), that, in a case where officers were appointed and termed executors by the will, they were in reality trustees, as shown by the general scope of power given them by the will. It makes no difference, really, what the officer is called. If he is called an executor, and his duties are those of a trustee, he must be held to be a trustee and the title to the estate will pass to him. On the other hand, he might be denominated by the will a trustee; yet if, under the provisions of the will, it was his duty to settle the estate under the direction of the probate court and in accordance with the probate laws, or, in other words, if there is committed to his charge by the will those duties which, under the law, it is the province of an executor to perform, he is an executor and not a trustee. And so we think in this case it must logically follow, from the provisions of the will concerning the administration and distribution of the estate by these officers without the intervention of the probate court, that they are actually trustees and not executors.

It was held by this court in *Balch v. Smith,* 4 Wash. 497 (30 Pac. 648), that, under the general probate act, title would not pass to the heir, excepting through the intervention of the probate court, and that the assertion of heirship, without the aid of an adjudication by that court, was not sufficient to authorize him to maintain an action against the adverse holder. This must have been upon the theory that the title vested in the court, instead of in the heir, until the title was adjudicated; or, in other words, that the court was, in a sense, the trustee created by law to

hold and dispose of the title under the provisions of the law. But, under the law in question, where does the title rest? Unlike the historical coffin, it cannot be suspended, but must abide somewhere. It is not in the heir, under the theory of *Balch v. Smith.* It is not in the court, because, under the special provisions of the law under which it was drawn, the court is excluded from any participation in the distribution of the estate or its management. Its only logical abiding place then is in the trustee or agent appointed by the devisor. It is true that, under the law, provision was made that if the party named in the will as executor should decline to execute the trust, or should die, or should fail to execute the trust faithfully, etc., upon petition of any creditor of such estate, or of any person on behalf of any minor heirs, it should be the duty of the court to investigate such charges, and, if they appeared to be well founded, letters testamentary should issue. So that this trusteeship is, to a certain extent, limited. But the powers of any trustee are limited and subject to a review of the courts, when it is made to appear that he is not faithfully performing the duties of his trust; and the mere fact that the provision which we have mentioned above is incorporated in the act permitting the non-intervention will, does not affect in any different degree the limitation of the powers of the trustees appointed under the law.

This view is in harmony with several cases which have been decided by this court; notably *Newport v. Newport,* 5 Wash. 114 (31 Pac. 428), where it was announced that, under the statutes of this state, where a testator provides by will that the trustees of his estate shall manage and settle the estate in the manner directed in his will, without the intervention of a court, the power of such trustees is derived from the will and their duty prescribed by it; the

court remarking in that case that "the provisions of .the above statute are plain and explicit, and we see no reason why full force and effect should not be given to it in all cases coming clearly within its terms;" citing *Lumpkin v. Smith,* 62 Tex. 251, and *Dwyer v. Kalteyer,* 68 Tex. 554 (5 S. W. 75). This case was approved and the doctrine reaffirmed in *Moore v. Kirkman,* 19 Wash. 605 (54 Pac. 24). If these powers of executors or trustees are derived from the will, and their duties prescribed by it, they are trustees in fact, and the title passes to them.

There being no contention in this case that there has been any mismanagement of the estate by the executors, or that there are any facts which bring it within the provisos of the law of 1881, the writ will issue as prayed for.

GORDON, C. J., and ANDERS and REAVIS, JJ., concur.

FULLERTON, J., dissents.