[No. 3319.  Decided November 21, 1899.]

The State of Washington, *on the Relation of Mrs. Sidney Cox,* v. Superior Court of Pierce County, *W. H. H. Kean, Judge thereof.*

EXECUTORS UNDER NON-INTERVENTION WILLS—RIGHTS OF CREDITOR OF HEIRS.

The superior court has no jurisdiction to inquire into the mismanagement of an estate by its executors, when application therefor is made at the suit of a creditor of an heir, where the powers of the executors are derived from the terms of a non-intervention will, made under the provisions of Code Proc., § 955.

*Original Application for Mandamus.*

*Charles S. Fogg* and *Jesse W. Thomas,* for relator.

*Campbell & Powell,* for respondent.

The opinion of the court was delivered by

Reavis, J.—Relator filed her petition in the superior court of Pierce county, stating that John W. Sprague died testate in Tacoma about the 24th day of December, 1893, leaving an estate in Pierce county, consisting of real and personal property reputed to be of great value; that about the 29th day of December, 1893, the last will and testament of Sprague was, on petition of James R. Hayden and Otis Sprague (who were named in the will as executors), admitted to probate and letters testamentary were issued to Hayden and Otis Sprague; that an order of the probate court was entered on January 6, 1894,

directing the executors to publish a notice to the creditors. of the estate, and directing such notice to be published in a weekly paper in Tacoma; that on the 16th of November, 1898, James R. Hayden resigned his executorship and W. W. Sprague, a son of the deceased, petitioned the court to appoint him executor, and that an order was made accepting the resignation of Hayden and appointing W. W. Sprague as executor; that on the 13th of February, 1899, Otis Sprague resigned his executorship, and thereafter Clarke W. Sprague was appointed executor and letters testamentary issued to him; that no notice was given of the resignation of either of the executors or of the application for letters testamentary by W. W. Sprague or C. W. Sprague; that Otis Sprague, W. W. Sprague, C. W. Sprague and Charles Sprague, are heirs at law of the deceased John W. Sprague, and are the residuary devisees and legatees in his will, and that all of the testator's real estate, except two small tracts, was devised directly to them, with power in the executors to sell the same; that no inventory of the assets of the estate of the deceased was filed in the probate court and no exhibit or report of the action of the executors or the condition of the estate has been filed in the probate court; that on October 24, 1896, relator recovered judgment in the superior court against said Otis Sprague and Charles Sprague, heirs at law of said deceased, for a large sum; that relator has received no payment upon said judgment, except a small sum, and that such judgment has been a lien upon the interests of said Otis and Charles Sprague in the real estate devised to them by the will of said deceased, John W. Sprague; and that relator is entitled, on a distribution of the real property of the estate, to receive the distributive share of her said judgment debtors, Otis and Charles Sprague, or sufficient thereof to satisfy her judgment.   It is also alleged that, by reason of the fail-

ure of the executors to file an inventory of the assets and liabilities of the estate, relator has been unable to determine what steps, if any, could be properly and legally taken by her to subject the interests of Otis and Charles Sprague in said estate to the satisfaction of the judgment, and that she has been prejudiced and delayed by the doings and omissions of the executors. It is charged that the executors have so managed the estate that relator has been unable to obtain payment of her judgment. The will was annexed to the petition. After making various bequests, as well to the said Otis and Charles Sprague as to other children of the testator, it appoints the said Hayden and Otis Sprague executors, and, in case of their inability or resignation, appoints Clarke W. Sprague and Charles Sprague as executors; also gives full power to the executors or trustees to sell any and all of the real or personal property except such property as is specifically bequeathed, and provides that it shall not be necessary to obtain confirmation by any officer or court of any sale or sales made by them; also expressly directs that no bonds or obligations of any nature whatsoever shall be required of any of the persons named as executors or as trustees; that the executors shall not return an inventory of the estate to the probate or any court; that the executors or trustees shall not be required to take out letters testamentary except to admit to probate the will in the manner required by law; that, after the probate thereof, the estate shall be settled without the intervention of the superior court, or any court or officer, in any manner whatever. The petition to the superior court prayed that a citation be issued to the executors requiring them to file a full inventory of all the property of the estate, setting forth the assets and liabilities of the estate; for an account of all moneys belonging to the deceased, or which should

37—21 WASH.

have come to the possession and knowledge of the executors, or any of them; and for a full accounting.    A citation was issued to the executors to show cause why such inventory should not be filed, and, upon the hearing, the superior court dismissed the petition on the ground that relator was a creditor of two of the devisees, and not of the estate of the deceased, and, under the provisions of § 955, 2 Hill's Code (§ 6196, Bal. Code), the court had no jurisdiction of the executors under the facts stated in the petition.    Relator applies for a writ of mandate directing the superior court to hear the petition and grant such relief as relator is entitled to.

It is evident that the deceased intended to make, and did execute, a non-intervention will.    The effect of such a will has been construed in a number of cases before this court.    It was said in *Moore v. Kirkman,* 19 Wash. 605 (54 Pac. 24):

" Section 955 was evidently intended to authorize one while living, and when competent, to provide for the management, disposition and distribution of his property after death, without administration in the probate court.    .    .
.    If the testator has chosen to dispose of his estate without the intervention of the probate court, the procedure controlling the administration in probate is not applicable, and the notice to creditors published by appellants as executors was without any legal effect."

See, also, *Newport v. Newport,* 5 Wash. 114 (31 Pac. 428); *Smith v. Smith,* 15 Wash. 239 (46 Pac. 249).

And again, in *State ex rel. Phinney v. Superior Court of King County, ante,* p. 186 (57 Pac. 337), it was determined that § 2, ch. 98, of the Laws of 1897, requiring an executor acting without the intervention of the probate court to file an inventory within thirty days after the passage of the act, was not applicable to non-intervention wills made under the statute (§ 955, *supra*), and fully reaffirming the construction that the probate court had no

further jurisdiction of the estate or the executors than specified in the section.    The exceptions are, if the party named as executor should decline to execute the trust, or should die, then letters testamentary or of administration shall issue; or, if the executor shall fail to execute the trust faithfully and to take care and protect the interests of all parties taking under the will, then, upon petition of any creditor, or heir, or person on behalf of any minor heirs, it shall be the duty of the court to cite the executors before it, and have the trust faithfully executed.    But it is determinative of this proceeding to state that relator is not a creditor or an heir of the estate, nor does she appear in the interest of any minor heir.    Her petition in the probate court seems to be in the nature of a bill of discovery to find assets, if any, belonging to two of the executors, who have resigned.    The testator in the will having disposed of his estate, and appointed executors or trustees of his choice, and directed that they alone should execute the trust, only a creditor of the estate, or an heir, or some one in the interest of the minor heir, can come within the provision of § 955, *supra*, and complain in the probate court.

The writ is denied.

GORDON, C. J., and FULLERTON and DUNBAR, JJ., concur.