[No. 3604.  Decided August 26, 1902.]

*In the Matter of the Estate of* JAMES REID MACDONALD, *Deceased.*

MARY L. MACDONALD, *Appellant,* v. A. W. FRATER, *as Receiver of Merchants' National Bank of Seattle, Respondent.*

NON-INTERVENTION WILLS — LIABILITY OF ESTATE — JUDGMENT AGAINST EXECUTRIX—CONCLUSIVENESS.

In an action in the federal court by the receiver of an insolvent national bank against the executrix of an estate to recover judgment upon her testator's liability as a shareholder, judgment against the executrix was decisive of the issues as to the liability of the estate and the jurisdiction of the court, and was an enforceable judgment in probate proceedings in the state court, where it appeared that the executrix was appointed under the terms of a non-intervention will, by virtue of which she took over all the property of the estate, that she still had funds thereof in her possession, without there being any other indebtedness against the estate, and that her testator was the owner of shares of stock in such insolvent bank upon which a valid assessment had been levied by the comptroller of the currency.

SAME — DISCHARGE OF EXECUTRIX BY COURT — EFFECT.

Where an executrix derived her powers from what is known as a "non-intervention will," and accepted her trust and managed it in accordance with the provisions of the will and not under the statute regulating the administration of estates, the fact that she sold her testator's partnership interest under leave of court, and that she filed a report showing there were no debts against the estate, upon which the court granted her a discharge from her trust, would not exempt her from after accruing liabilities of the estate, inasmuch as the act of the probate court in attempting to control the administration of an estate held under such a will was beyond its jurisdiction.

SAME — NOTICE TO CREDITORS.

Notice to creditors to file claims within one year is not nec-
essary in the case of estates administered under the provis-
ions of a non-intervention will.

SAME — CLAIMS NOT IN EXISTENCE.

The bar of the statute upon claims against a decedent's es-
tate not presented within one year after notice to creditors is
inapplicable to claims not in existence until after the expiration
of the year specified in the notice to creditors.

Appeal from Superior Court, King County.—Hon.
WILLIAM HICKMAN MOORE, Judge.   Affirmed.

*Ira Bronson,* for appellant.

*Preston, Carr & Gilman,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This was an application by petition to the
superior court of King county, in probate, for an order
upon the executrix of the will of James Reid Macdonald,
deceased, to show cause why she should not be removed,
and letters testamentary be issued to some other person.

The material facts, as declared by the record, are as
follows:   James Reid Macdonald died in San Francisco,
California, on November 1, 1893. By his will he bequeathed
the sum of $1,000 to each of his four minor children,
and devised and bequeathed the residue of his property to
his wife, Mary L. Macdonald, whom he appointed execu-
trix of said will.   This will authorized the executrix to
settle and distribute the estate without the intervention
of the court and without giving bonds, which the testator
was empowered to do by § 955, 2 Hill's Code.   Such wills
are commonly designated in this state as "non-intervention
wills."   The will was duly admitted to probate, and on
November 27, 1893, letters testamentary were issued to
said executrix.   Thereafter she caused to be published a

notice to the creditors of said James Reid Macdonald to present their claims to her at a place designated in King county within one year from the date therein specified. It is stated in appellant's brief that the only creditors of the said James Reid Macdonald, of "any practical significance," known to her, consisted of the trade creditors of the firm of Fischer & Macdonald, of Seattle, and that these creditors were paid and their claims wiped out within a short time by Fischer Bros., the successors of Fischer & Macdonald. No claims were presented for allowance to the executrix within the year designated in the above mentioned notice to creditors. And in the early part of July, 1896, the said Mary L. Macdonald filed a petition for her discharge as executrix and for distribution of said estate; and on August 17, 1896, and after notice of the application had been regularly published and given in the manner and for the time required by law in ordinary cases of administration of estates of decedents, the superior court entered an order purporting to discharge said executrix, and to authorize the distribution of the estate, which the appellant asserts was accordingly done. At the time of his death Mr. Macdonald was the owner of thirteen shares of the capital stock of the Merchants' National Bank of Seattle, which came into the possession of appellant, Mary L. Macdonald, as part of the assets of his estate. After his death the bank became insolvent, and a receiver of its assets was appointed by the comptroller of the currency, and an assessment was levied upon the shareholders of that bank for $150,000; being seventy-five dollars upon each and every share of the capital stock of the said bank. This assessment was made in April, 1896, and on April 16, 1896, the then receiver notified Mrs. Macdonald, by registered letter, which was received and receipted for by her on the same day, that the comp-

troller of the currency had levied an assessment of $75 per share upon the capital stock of said bank, payable at the office of the receiver on or before May 16, 1896, and requested her to pay the assessment on thirteen shares standing in her name, in accordance with the notice, or suit would be commenced to enforce payment. The assessment was not paid in accordance with the request or demand of the receiver, or at all; and on August 3, 1896, a suit was instituted in the circuit court of the United States for the district of Washington, Northern Division, to enforce its collection, in which action judgment was rendered on January 21, 1898, in favor of the complainant and against the defendant, Mary L. Macdonald, as executrix of the last will and testament of James Reid Macdonald, deceased, for $1,094.30, and costs incurred in the action. This judgment was never appealed from and has not been paid. No execution has been issued upon it, but a certified transcript of the judgment was filed in the superior court of King county, in the matter of the estate of Macdonald, pursuant to § 990, 2 Hill's Code. The executrix, Mrs. Macdonald, failed and refused to pay the judgment; and this proceeding was instituted by the receiver of the bank, under § 955, 2 Hill's Code, to subject the assets alleged to be in the hands of Mrs. Macdonald, as executrix, to the payment thereof, by removing her from her trust, and causing letters testamentary to be issued and such other proceedings to be had as are required by law in the administration of estates. In his petition the receiver alleged, in an appropriate manner, the insolvency of the Merchants' National Bank; his own appointment as receiver by the comptroller of the currency; the assessment of the capital stock of the bank by said comptroller, and the amount of such assessment; the death of James Reid Macdonald while owning thirteen

shares of said stock; the appointment of Mary L. Mac
donald as executrix of the last will and testament of James
Reid Macdonald; and averred that said will provided,
among other things, that the estate of said testator should
be managed and settled in the manner provided in said
will, and without the intervention of the court, except to
admit the will to probate in the manner required by law,
and that the estate had been so managed and controlled
by said executrix since the probate of the will and the
qualification of the said executrix in accordance with terms
thereof.    The petition also sets out all the proceedings
had and taken in the action in the circuit court, above
mentioned, including the judgment therein, its non-pay-
ment, and the filing of a certified transcript thereof in the
superior court.    In short, the petition alleges facts suf-
ficient to entitle the petitioner to the relief demanded,
under § 955, *supra,* provided that section is applicable to
this case.

In her answer to the petition, Mrs. Macdonald denies
that she is now, or since August 17, 1896, has been, the
executrix of the last will and testament of James Reid
Macdonald, deceased; that, after the probate of said will
and the qualification of said executrix, the said estate
has been managed and controlled without the intervention
of the above entitled court, but alleges that estate was
administered under the express direction and control of
the said court; that she, as said executrix, appeared in
said action in said circuit court of the United States and
filed an answer therein, but alleges that she appeared per-
sonally and specially, and filed an answer in that capacity;
that she has moved from the state of Washington and
taken the greater portion, if not all, of the property of
said estate, as alleged in the petition herein, and alleges
that she has at all times maintained her home in King

county, Washington, and lives and resides therein, except
during the winter months, which she spends with her
young children in the state of California; that she has
failed, neglected, or refused to execute faithfully the
trust imposed upon her as such executrix, or to promote
the interest of the parties taking under said will, or that
the petitioner, as a creditor of said estate, has been or is
about to be damaged by the refusal of said executrix faith-
fully to discharge her trust, or that she has wasted or mis-
managed the property of said estate, or has committed a
fraud upon said estate, or has appropriated the property
thereof to her own use and benefit, regardless of the inter-
est or claims of the petitioner as a creditor of said estate,
or at all, and denies that she has ever neglected to perform
as such executrix any act which she was then required to
do.    And it is affirmatively alleged in the answer that the
estate has long since been finally settled and closed, upon
due notice to all persons therein concerned.    For a further
answer and affirmative defense, Mrs. Macdonald set forth
in detail the proceedings in the superior court of King
county in the matter of her husband's estate, from the
probate of the will up to and including the order of the
court purporting to discharge her as executrix, and dis-
tributing the estate to her and her minor children on Aug-
ust 17, 1896.    This affirmative defense is, in effect, that
the will of Macdonald, deceased, was duly admitted to
probate, and that Mrs. Macdonald was appointed execu-
trix thereof; that notice to creditors to present their claims
within one year from the first publication thereof was pub-
lished for the time required by law in the administration
of estates, and due proof thereof duly made; that Mrs
Macdonald, as executrix of the will of her husband, ap-
plied to the probate court for leave to sell the interest of
her deceased husband in the firm of Fischer and Macdon-

ald, which application was granted; that she reported to
the court that no claims had been presented against said
estate, and that all debts had been paid; and that she
applied for and obtained her discharge from her trust, and
was awarded the entire estate, of which, however, she was
to hold as guardian the sum of $1,000 for each of said
four minor children. But it does not appear and it is not
claimed that she ever filed an inventory of the property of
the estate, or that the estate was ever appraised, or its
value charged to her as executrix, or that she ever made
any report of her doings to the court, or exhibited any
account for settlement or allowance.

At the trial in the superior court the records of the cir-
cuit court in the suit against Mrs. Macdonald as execu-
trix, including the judgment therein, were introduced in
evidence, and also the transcript of said judgment. And
upon the pleadings, evidence, and stipulation of the parties
filed in the cause, the court found, among other things,
that the will of the deceased was what is commonly known
as a "non-intervention will," authorizing the executrix
therein named to manage, control, and settle the estate of
the said deceased without the intervention of any court
whatsoever; that she was appointed on her own petition
to have said will probated, and herself appointed execu-
trix, and that the decree authorized her to act without
bonds, under the authority of the will; and that she duly
qualified as executrix of the will, and took charge of said
estate. The court further found that subsequent proceed-
ings were had by her, which are shown by the record, and
which have already been stated, and need not be repeated.
The court also found that the said Mary L. Macdonald
at all times since the rendition of the judgment in the
circuit court had in her possession funds belonging to
the said estate sufficient to pay said judgment, and that

said judgment is the only claim against the said estate, and that no reasonable cause exists why it should not be paid. And from the facts as found the court concluded that the proceedings of the court in this matter subsequent to the issuance of letters testamentary to, and including the order of discharge of the executrix, had no binding force upon the creditors of the said estate, and was, as to them, null and void; that Mary L. Macdonald has not been legally discharged, and is still acting as executrix of the will of James Reid Macdonald, deceased, under and by virtue of the authority thereby conferred, and that she has failed to execute faithfully the trust which she assumed under said will; and that the petitioner has been damaged by her acts in refusing to recognize and pay the said judgment. A decree was thereupon entered requiring Mrs. Macdonald, as executrix of the said last will and testament of James Reid Macdonald, deceased, to pay to the petitioner, within thirty days, the sum of $1,094.30; being the amount of the judgment rendered by the said circuit court, together with the costs in the action therein. And it was further adjudged and decreed that upon failure of the said Mary L. Macdonald to pay the said judgment, interest and costs within the time limited, she be removed and discharged as such executrix, and, upon proper application by the petitioner, letters of administration be issued to another person, and the said estate be administered upon under the supervision of the superior court. Costs were awarded to the petitioner. From this judgment Mrs. Macdonald has appealed to this court, and she claims that the lower court erred in finding (1) that the proceedings in the circuit court were regular, and that the judgment rendered therein is a binding judgment upon the said Mary L. Macdonald as such executrix; (2) that the said Mary L. Macdonald at all times since the rendition of

said judgment had in her possession funds belonging to
said estate sufficient to pay said judgment, and that the
said judgment is the only claim now against the said
estate, and that no reasonable cause exists why the said
judgment should not be paid.

The first claim of error seems to be based upon the as-
sumption that the judgment of the federal court in the
controversy between these same parties is simply an adju-
dication that at the death of the deceased he was the owner
of certain shares of stock, upon which a valid assessment
had been levied by the comptroller of the currency, and
that the question whether or not such obligation has been
perfected or reduced to an enforceable claim against the
personal representative of the deceased, and whether it
had been presented in time, and whether she has funds
with which to pay, are each and all of them vital questions
in the cause, upon which the circuit court did not pass.
Several authorities are cited by the learned counsel for
the appellant as to the powers and duties of the federal
courts in actions against the personal representatives of de-
ceased persons, the one principally relied on being *Wick-
ham v. Hull,* 60 Fed. 326. That was a bill filed by the
receiver of a national bank against the executors of the
last will of A. N. Hull, deceased, to enforce collection of
an assessment upon certain shares of capital stock of the
bank, belonging to the estate. And it was there held that
the estate of a deceased owner of national bank stock is
liable, under § 5152 of the Revised Statutes of the United
States, to an assessment levied against his executors in
consequence of the failure of the bank after his death; that
the federal court is not deprived of jurisdiction of a suit
against the executors of an estate by the fact that the es-
tate is in the possession of a probate court for the purpose
of administration; and that the federal court has jurisdic-

tion to determine whether a liability exists, but cannot issue execution to enforce such liability. In that case the defendants pleaded the limitation prescribed by the Iowa statute governing the settlement of estates, and the court refused to pass upon the question whether the particular provision of the state statute pleaded debarred the complainant from sharing in the estate, the court being of the opinion that, inasmuch as the claim established by it must be presented for allowance in the probate proceedings, it was the better practice to remit that question to the probate court. But, in that case the court did determine and establish the claim of the receiver against the executors of the will of the deceased, and, in so doing, necessarily passed upon such questions as the liability of the executors for the assessment and jurisdiction of the court in the premises, as those questions were directly involved in the case.

In the action in the federal circuit court between the receiver and the appellant here, it was claimed by the appellant that she was not liable, in a representative capacity or otherwise, for the assessment upon the bank stock in question, for the reason that she had been discharged from her trust as executrix by a court of competent jurisdiction after notice to all parties concerned; and the same claim is made in this proceeding. The circuit court, in the above mentioned action, found, as shown by the recitals in its decree, among other things, that Mary L. Macdonald (appellant here) has been ever since November 27, 1893, the duly appointed, acting, and qualified executrix of the last will of James Reid Macdonald, deceased; that said deceased was at the time of his death the owner and in the possession of property in King county, Washington, and that all of said property, in an amount largely in excess of complainant's claim therein, and liable to

the payment of the debts of the deceased, came into the hands of the said Mary L. Macdonald as such executrix; that there were no debts remaining unpaid; and that there still remained in her hands property undistributed, and liable for the payment of the debts of the deceased, sufficient to pay the claim of the complainant therein. That judgment, as we have seen, was not appealed from, and has never been set aside or modified, and, as between the parties thereto, is decisive of all questions there in issue and determined by the court. See *Sayward v. Thayer,* 9 Wash. 22 (36 Pac. 966), and *Isensee v. Austin,* 15 Wash. 352 (46 Pac. 394). It must be borne in mind that the federal court did not undertake, or even pretend, to take possession of the estate of the deceased, or to administer upon it, and hence the authorities cited by appellant to the effect that one court will not seize property lawfully in the possession of another are not applicable to the case in hand. One of the questions which the said circuit court was called upon to determine was whether the defendant, Mrs. Macdonald, was in fact the executrix of the will of Macdonald, deceased,—she having denied that she was such executrix, and pleaded her discharge by the superior court,—and that involved the further question whether she derived her power as executrix from the will itself, or from the statutes regulating the administration of estates. And the court adjudged that she was such executrix, and entered its decree against her accordingly; and we have no doubt that the judgment is valid, and that it is payable like any other debt chargeable to the estate. That case is reported in 85 Fed. 836, under the title of *Baker v. Beach;* the complainant, Baker, being at that time the receiver of the Merchants National Bank. In the course of the opinion the court said:

"As the law makes no provision for discharging an executrix who assumes to carry out the provisions of a will in settling up the estate of a deceased person without other authority than the will itself, exemption from liability incident to ownership of any property which belonged to the deceased in his lifetime cannot be claimed until the title to all personal property of the deceased has been transferred, and until the heirs have obtained possession of all real property. A decree will be entered according to the prayer of the bill."

But it is earnestly insisted on behalf of the appellant that there was no evidence whatever to sustain the finding that appellant at the time of the rendition of the judgment by the circuit court, or at any time since, had in her possession funds belonging to said estate sufficient to pay said judgment, or that said judgment is the only claim against said estate. As to this contention, we think counsel is in error. In the first place, the judgment of the federal court established the fact that the appellant at that time had funds in her possession, undistributed, sufficient to pay this claim of the receiver, and that it was the only debt of the estate; and, in the second place, it appears by the verified statement of the appellant, which was presented to the superior court, that the deceased left a large amount of property, which it is conceded came into her hands as administratrix of the estate; that there were practically no debts, except debts of the firm of Fischer & Macdonald, which she admits and declares in her brief were paid soon after her appointment as administratrix; and that she disposed of the deceased's interest in said firm for $25,000. It also appears from the record that at the time of her alleged discharge she had sufficient funds with which to pay the legacies specified in the will amounting to $4,000, and that she procured her appointment as guardian of the estates of her children, and as such guardian, received the

28—29 Wash.

legacies named in the will. There was no evidence adduced showing that any portion of the estate had been lost or disposed of in any way, and upon this state of facts it would seem clearly to appear that the finding in question was fairly warranted by the evidence. It is further claimed by the appellant that the trial court erred in its conclusions of law above mentioned, and it is especially insisted that the record of the proceedings of the probate court show that the estate was managed and settled under the order and direction of the court, and not under and by virtue of the authority of the will. The will, upon its face, shows that it is, and was intended to be a "non-intervention" will; and the record shows that Mrs. Macdonald accepted the trust, qualified as executrix, took possession of the estate of the deceased, and managed it in accordance with the provisions of the will. True, she applied to the court for leave to sell the interest of the deceased in the firm of Fischer & Macdonald, and to be discharged from her trust, but it does not follow from these facts that the estate was either managed or settled under the supervision and control of the court. This court has frequently and uniformly held that the probate court is without power, except such as is especially conferred upon it by the statute, to control the administration of estates under wills of the character of that now under consideration. See *Newport v. Newport,* 5 Wash. 114 (31 Pac. 428); *Smith v. Smith,* 15 Wash. 239 (46 Pac. 249); *State ex rel. Cox v. Superior Court,* 21 Wash. 575 (59 Pac. 483). It follows from what we have already said that the purported discharge of appellant as executrix was without force or effect as to the respondent, and that the court was right in so concluding.

As to the point made by the appellant that the respondent's claim was not presented within one year from the

first publication of the notice to creditors, and was therefore barred by the statute, it is sufficient to observe: First, that the limitation invoked by appellant is not applicable to this case (*Moore v. Kirkman*, 19 Wash. 605, 54 Pac. 24) and, second, that the claim of the respondent did not exist until after the expiration of the year specified in the notice to creditors, and hence, could not be affected by the notice, or barred because not presented to the executrix at that time. *State ex rel. Patterson v. Tittman*, 134 Mo. 162 (35 S. W. 579); *Finney v. State*, 9 Mo. 227; *Tenny v. Lasley*, 80 Mo. 664; *Oswald v. Pillsbury*, 61 Minn. 520 (63 N. W. 1072).

We have discovered no error in the record, and the judgment is therefore affirmed.

REAVIS, C. J., and MOUNT and DUNBAR, JJ., concur.

FULLERTON, J., dissents.