[No. 11123.   Department One.   June 3, 1913.]

BERTHA J. FULMER et al., Appellants, v. CHARLES P. GABLE, Respondent.[1]

WILLS — NONINTERVENTION WILLS — EXECUTORS—TRUSTEE—POWER TO CONVEY—ORDER OF COURT—NECESSITY.  An executor in a nonintervention will, being a trustee, has power to convey the real estate without an order of court, where the will provides for the payment of legacies and other charges and the estate cannot be administered without the realization of funds, the conveyance of real estate being necessary to execute the trust; and Rem. & Bal. Code, § 1446, empowering executors of a solvent estate, after adjudication of solvency, to sell and convey property "where the will authorizes them so to do," does not require any other or more specific authority to make conveyances; since the estate being solvent, the court would have no jurisdiction to order a sale, unless it assumed jurisdiction under Id., § 1444, for "failure to execute the trust faithfully."

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 7, 1913, dismissing an action to restrain an executor's sale, upon sustaining a demurrer to the complaint.   Affirmed.

M. F. Porter, for appellants.
Coleman & Gable, for respondent.

CHADWICK, J.—The question is presented whether an executor under a nonintervention will can sell and convey real property without an order of the probate court, or without invoking the jurisdiction of a court of equity.

U. M. Gable died testate, leaving a will in which it is provided that his executor, "shall pay all my just debts and funeral expenses, and that the balance or residue of my property be disposed of as hereinbefore provided."   Provision is also made for the "support, maintenance and education of a minor son until he shall arrive at the age of twenty-one years . . . in addition to the amount to which he would be entitled under the before-mentioned provisions."   It is admit-

[1]Reported in 132 Pac. 641.

ted that the real property belonging to the estate "cannot be equally and fairly divided among the devisees without a sale thereof."

Under the Code of 1881, § 1443, all estates, whether solvent or insolvent, could be administered without the intervention of the court, other than to admit the will to probate. This law was amended, Laws 1897, p. 285, § 1 (Rem. & Bal. Code, § 1444), so that no estates other than solvent ones could be settled without the intervention of the court. To determine the question of solvency, it became necessary, and the law provided, that an inventory be filed and an adjudication of that fact by the court admitting the will to probate. Provision was also made for the publication of notice to creditors, and,

"Such executors, who have been heretofore acting under wills dispensing with letters testamentary or of administration, and those who may hereafter act under such wills, shall have power after the filing of an inventory of the estate, if the said estate has been adjudged to be solvent according to the provisions of the last preceding section, to sell and convey the real and personal property of their testator, where the will authorizes them so to do, without an order of the court for that purpose, and without notice or confirmation of sale." Rem. & Bal. Code, § 1446.

The old law, as well as the act of 1897, provided that, if the "party" named in the will fails to execute his trust faithfully, or fails to take care of and promote the interests of all parties, that the court shall, upon the petition of an interested party, take jurisdiction and administer the estate without reference to the directions of the will.

It is the contention of the appellants, whose complaint failed to pass the test of a demurrer, that there can be no power of sale in the executor unless the will specifically and in terms authorizes such sales to be made. It has been the policy of this court to put a most liberal construction on these laws, to the end that the object intended, that is, the saving of costs and the burdening and clouding of titles with court

proceedings, could be avoided by those who have property subject to testamentary disposition. The object of the law being to give a testator the right to provide for the settlement of his own estate, no construction should be put upon it that will defeat this laudable purpose. Accordingly, it was held as early as the 3d Washington and again in the 5th Washington, that an executor under a nonintervention will was in fact a trustee deriving his power from the will and not subject to the control of the superior court. No·jurisdiction to direct or control the settlement of an estate under the probate practice act was recognized or admitted. *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760; *Newport v. Newport*, 5 Wash. 114, 31 Pac. 428.

There is nothing in the law of 1897 that can be construed as a limitation upon the power of the trustees, unless it be § 1446, Rem. & Bal. Code. It is our conclusion that this section will not bear the construction that a sale cannot be made unless specifically authorized by the testator in his will. A general direction to manage the estate, to pay debts, to maintain, support, and educate minor children, to pay legacies or bequests, and to distribute the property, implies a power in the trustee to do all that might have been done by an executor or administrator acting under the guiding hand of the court.

"The terms of the trust could not be carried out without the power to sell the land and to transfer the title thereto. The title therefore vested in the trustees for that purpose. It is the established doctrine that 'trustees take exactly that quantity of interest which the purposes of the trust require.' 2 Jarman, Wills (6th ed.), p. 306. . . . 'The necessity of a conversion of realty into personalty to accomplish the purposes expressed in a will is equivalent to an imperative direction to convert.' 9 Cyc. pp. 831-2-3." *Martin v. Moore*, 49 Wash. 288, 94 Pac. 1087.

The reason for this is obvious. The estate being solvent, upon a showing of that fact it passes from under the immediate jurisdiction of the court, and the court would have no

jurisdiction to enter an order of sale. *English-McCaffery Logging Co. v. Clowe*, 29 Wash. 721, 70 Pac. 138; *Guye v. Guye*, 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186. Nor could it assume jurisdiction unless there was a showing of "failure to execute the trust faithfully." Section 1444, Rem. & Bal. Code. If the trustee is delinquent, a remedy is to be found in the same section of the statute, and the court will, upon such a showing, issue letters of administration and proceed to a settlement of the estate in the manner provided by law; or if the facts warrant it, relief may be sought in a court of equity. It was never intended by any of the acts referred to, to abridge the right of the testator to direct the disposition and management of his estate, or to confound the right of the trustee to administer with the jurisdiction of the court. These powers are distinct, although jurisdiction may be reasserted by the court in a proper case.

A will might be so drawn as to deprive a trustee of the power to sell the property of an estate, but it is not so here. Our holding is that, when a will provides for the payment of debts, legacies or other charges, and the estate cannot be administered without the realization of funds, or cannot be fairly distributed unless it is sold and turned into money, that the power of the trustee is commensurate with the objects of the trust, and in such cases the trustee has power to "sell and convey the real and personal property of their testator," and "the will authorizes them so to do," within the meaning of § 1446, Rem. & Bal. Code.

Affirmed.

CROW, C. J., GOSE, PARKER, and MOUNT, JJ., concur.