[No. 14622. Department One. May 8, 1918.]

*In the Matter of the Estate of* ROBERTA L. CORNETT. WILLIAM H. CORNETT *et al., Plaintiffs,* v. J. ELMER WEST, *Defendant.*[1]

WILLS—NONINTERVENTION WILLS—TRUSTEES — POWERS. Under a nonintervention will imposing a trust in the executors beyond the proving of the will, they act as trustees, and it is an error in terms to call them executors, but without prejudice, where the decree gave them the attributes and powers of trustees.

TRUSTS—COMPENSATION OF TRUSTEES—FEES AS EXECUTORS. Trustees under a nonintervention will are not entitled to the statutory fees as executors until the termination of the trust.

SAME—COMPENSATION—NECESSARY SERVICES. A trustee under a nonintervention will may be allowed fees for necessary services of a continuing nature not performed by the other trustee, and properly chargeable as current expenses; he being entitled to reasonable compensation, under Laws 1917, p. 687, § 158.

SAME—COMPENSATION—ALLOWANCE. The court should not fix and make a division of fees between co-trustees, which it has decided can be allowed only at the termination of the trust, but should leave the matter to the decree of the court making final settlement.

[1]Reported in 173 Pac. 44.

SAME—COMPENSATION—STATUTES. Laws 1917, p. 666, § 92, making provision for a final accounting by trustees under a nonintervention will, governs every case in which the trust was not fully executed prior to the time the act took effect, notwithstanding Rem. Code, § 1444, provided for no such accounting.

SAME—REMOVAL OF TRUSTEE. A trustee should not be removed for want of harmony between co-trustees, when there was nothing to prevent future harmonious cooperation, and he had committed only error and not a breach of trust.

COSTS—IN PROBATE—DISCRETION. Where a contest over the management of an estate was mainly a personal one between co-trustees, it is proper to deny costs to either party.

Cross-appeals from a judgment of the superior court for Spokane county, Oswald, J., entered October 8, 1917, upon findings favorable to the defendant, in consolidated actions for equitable relief, tried to the court. Modified.

*Stephens & Jack,* for plaintiffs.

*E. O. Connor,* for defendant.

ELLIS, C. J.—In March, 1917, William Forrest Cornett and Gordon Forrest Cornett, both at the time minors, by William H. Cornett, their guardian *ad litem,* and William H. Cornett, in his individual capacity and as trustee under the will of Roberta L. Cornett, deceased, brought an action in equity in the superior court for Spokane county to remove the co-trustee, J. Elmer West. At the same time, the same parties filed in the same court a petition to the same end in the probate proceedings in the estate of Roberta L. Cornett.

The principal grounds advanced for the removal were that West, without consulting his co-trustee, had borrowed money in the name of the estate, which, with other funds of the estate in his possession, he used in paying fees claimed by himself as executor, and, in addition thereto, had appropriated to his own use $150

per month as fees for special services in collection of rents of the "Altadena" apartments belonging to the estate. For the rest, the pleadings present an unprofitable tale of charges and countercharges of the two trustees touching their treatment of each other, which we shall not repeat. By stipulation the two proceedings were consolidated for the purpose of trial, and are here for review upon the same record.

Roberta L. Cornett died testate in California on November 3, 1914, leaving surviving, plaintiffs, her husband, and their two sons. The elder son was, at the time of trial, twenty-one years old, the younger, fourteen. She died possessed of a considerable estate, her separate property, situated in the states of Washington and California. By nonintervention will, she devised and bequeathed all of her property to William H. Cornett and J. Elmer West, whom she named as executors and trustees in trust for the payment of her debts and funeral expenses, and a legacy of $100 to her half brother, the remainder to be held, managed and controlled by the trustees until the younger child shall have arrived at the age of twenty-one years, the property then to be divided equally, share and share alike, between the husband and children. The provisions of the will for other contingencies are not here material.

At the time of her death, the testatrix and her family were residents of California, where the husband still resides. The other trustee, West, is a resident of the state of Washington. Probate proceedings were had in both states. The will was probated in Spokane county, Washington, on November 11, 1914. The inventory was filed, notice to creditors was published, and a decree declaring the estate solvent was entered on December 29, 1914. The administration of the trust estate then proceeded, West, as resident executor and trustee, managing the estate in Washington, Cornett,

as resident executor and trustee in California, manag-
ing the estate there. The probate court in California
allowed Cornett $1,445 executor's fees, which he claims
to have deposited in bank to the credit of the estate.
The time for filing claims expired December 29, 1915.
On January 8, 1916, West made the inheritance tax re-
port to the state tax commission, deducting the sum of
$8,308.90 for executors' fees. The report was approved
by the commission, and the inheritance tax based there-
on in the sum of $1,498.94 was paid. The estate in
California, consisting of the family home, was sold, the
net proceeds being $43,000. Of this, $22,500 was loaned
at seven per cent interest, and the balance was deposit-
ed in bank at four per cent interest. The Washington
property consists of an apartment house of thirty-two
apartments in Spokane, called the "Altadena." It was
built in 1908, and, with the grounds, cost $145,000 to
$150,000. It is mortgaged for $30,000 at six per cent
interest. All other property in this state has been sold.
West had managed the property in this state for Mrs.
Cornett for many years, superintended the building of
the Altadena, and had since managed it for $100 per
month up to the time of her death.

West, conceiving that the administration of the es-
tate by the executors, as such, closed with the year for
filing claims, and being advised that Cornett, because
of his nonresidence, was disqualified to act as execu-
tor in this state, claimed that statutory executor's fees
on the estate in this state in the sum of $8,308.90 were
then due and that he alone was entitled to them. He
borrowed $7,000 in the name of the estate, and with
this and other money on hand paid himself that sum,
notifying Cornett of the fact. He also retained $150
per month for his services in the management of the
Altadena. West also claims that he will further be en-

titled to trustee's fees on the closing of the trust. Cornett, on the other hand, claims that the duties of both Cornett and West, as executors and trustees, are of the same character and inseparable throughout the whole trust period from the probate of the will; that these duties were, are, and will continue to be, in substance those of trustees, from the time of the proof of the will till the trust is finally closed and the estate distributed as the will provides; that no fees can be allowed to either as executors at any time, nor as trustees until that time, and that, if West be allowed any sum for conducting and managing the Altadena apartments, it should only be such reasonable sum as others would do the work for, and West should account for it as a part of his fees as trustee when the trust is closed. He further claimed that, at that time, the fees should be divided equally between the trustees.

The court found (we eliminate many intermingled legal conclusions) that the duties of the executors and trustees imposed by the will are such that they cannot be separated and continue during the full period of the trust; that the executors' fees are not due, but must remain in abeyance till the completion of the trust period, when the youngest child shall be twenty-one years old; that West's services in the management and collection of rents of the Altadena apartments are reasonably worth $125 per month; that West, as executor, had legal authority to borrow the $7,000, but not at this time to apply the money on his fees. The court further found that the only ground for lack of harmony between the trustees was the disagreement over the fees, and that there are no grounds for the removal of West.

Upon appropriate conclusions of law, the proceedings for West's removal were dismissed without costs or attorney's fees to either party, and a decree was en-

tered adjudging that West is not entitled to any compensation other than for the entire period from the probate of the will to the time of distribution therein provided; that he is entitled to retain $125 per month, to be deducted from such compensation as may hereafter be awarded by a court of competent jurisdiction when the final accounting and decree of distribution shall be made; that the borrowing of money by West be disapproved, and that he recast his accounts and refund the money to the estate, and also all sums retained by him in excess of $125 per month; that Cornett and West are executors under the will for the entire period from the date of its probate until final accounting and decree of distribution, when the youngest son shall attain his majority, and are entitled to compensation as executors and not as trustees, but that such compensation cannot be definitely determined until one or the other die, be removed, resign, or the final accounting takes place. The court further decreed, in substance, that the compensation for the period from the probating of the will till the probate code of 1917 went into effect should be such part of the statutory compensation provided by the prior law as that period bears to the whole trust period, and that compensation for the period from the taking effect of the 1917 probate code till final settlement shall be such as the court, pursuant to that code, shall fix, or as subsequent laws may provide. Finally, the court decreed that nothing in the decree should be construed as determining what compensation the executors, or either of them, shall ultimately be entitled to receive. Neither party was allowed costs or attorney's fees in the suit in equity. Both parties have appealed. For convenience we shall designate the parties plaintiffs and defendant.

Plaintiffs first contend that the court erred in holding that Cornett and West are executors and not trus-

tees. It is true the court so held and, as we think, erred, but only in a use of terms. The dominant purpose of the will was to create the trust and provide for its administration by the two men as trustees. They did not administer, and were not empowered to administer, the estate as executors. All they did in that capacity was to perform the things required by statute to qualify or install themselves as trustees preliminary to carrying out the trust. They proved the will, filed the inventory, published notice to creditors and procured an order of solvency. Thereafter every act performed, even including the payment of debts, was performed by them as trustees under the direction of the will. As soon as they were, under the law, qualified or permitted to act at all or in any capacity in the management of the estate, they were trustees by the terms of the will. Whenever a nonintervention will reposes a trust in the executor beyond the mere proving of the will and procuring the order of solvency, the executor is in fact, and essentially, a trustee for all purposes necessary to execute the terms of the will, whatever he may be called. *Martin v. Moore,* 49 Wash. 288, 94 Pac. 1087; *Fulmer v. Gable,* 73 Wash. 684, 132 Pac. 641; *Smith v. Smith,* 15 Wash. 239, 46 Pac. 249.

It follows that, in calling these trustees executors for the full period of the trust, the court committed an error in terms. But it held that their powers and duties were coextensive in time with the period of the trust, and adequate, under the will, for the performance of the trust. They were trustees, and the substance of the decree was to adjudge them to be such by determining that the will gave them the attributes, powers and duties and imposed upon them the limitations of trustees. It was obviously for this reason that the court held, and properly so decreed, that they were not

entitled to fees as executors, nor to anticipate the performance of the trust by paying themselves fees as trustees in advance of such performance. It was for this reason that West was required by the decree to recast his account and refund the money borrowed, and all other sums used by him in paying his fees in excess of the monthly sum of $125 per month for special services as performed in the care and rental of the Altadena. West, being a trustee and, so far as the management of the estate was concerned, possessed only of the powers of a trustee, and those only in conjunction with his cotrustee, had no authority to borrow money in the name of the estate without the concurrence of his cotrustee. The trial court was in error in holding otherwise. The decree, therefore, should have provided that he personally take up the loan and relieve the estate from all apparent obligation therefor.

Plaintiffs also contend that the court erred in allowing West any sum for the care and rental of the Altadena apartments. These were necessary services which the other trustee could not perform. They were of a continuing nature. It was essential that they be performed each month from the inception of the trust. West had performed them for years prior to testatrix' death, receiving therefor $100 per month. It is fairly to be assumed that she intended that he should continue that service and receive a reasonable compensation. The other trustee had consented that he continue to perform them for the same compensation as before. A careful consideration of the evidence, in the light of his former management of the apartments for $100 a month, convinces us that the court should have fixed West's monthly compensation at that sum, requiring him to refund the excess which he had retained. But it is now urged that neither trustee was entitled to any pay except commissions computed under the statute

governing fees of executors and administrators. Our decision in *Shufeldt v. Hughes,* 55 Wash. 246, 104 Pac. 253, is cited in this connection. For two reasons that case is not controlling on the issue here. In the first place, the will there involved was not a nonintervention will. In the second place, one of the executors was not a trustee and the trust could begin only after final settlement of the estate in the ordinary manner. There was no devise to the executors in trust or otherwise. It may be, as in that case intimated, that, where the duties imposed upon the executor by a nonintervention will are only the ordinary duties of an executor in other cases and no compensation is provided in the will, the executor should be allowed the compensation, and only the compensation, provided by the statute applicable to other wills. But where, as here, a nonintervention will makes the executors trustees for a long period, no compensation to the trustees being provided for in the will, they are entitled to reasonable compensation for extra services commensurate therewith. In fact such is now the rule of compensation applicable to all services of executors and administrators, as such, under the express provisions of the probate code of 1917. See ch. 156, Laws 1917, p. 687, § 158. Where the trustee personally performs services in their nature properly chargeable as current expenses of the estate and for which he might have employed another, there is no good reason why he should not receive reasonable pay for such services when and as they are performed. For a well considered case closely analogous in principle see: *Turnbull v. Pomeroy,* 140 Mass. 117, 3 N. E. 15. See, also, *May v. May,* 109 Mass. 252; *In re Hagerty's Estate,* 97 Wash. 491, 166 Pac. 1139.

Another thing should be noticed in this connection. The decree attempts to determine for what part of the trust period the fees should be fixed pursuant to the

old statute and for what part pursuant to § 158 of the probate code of 1917 (Laws 1917, p. 687). The court having already correctly determined that the fixing of the trustees' fees must be deferred till the final settlement of the trust, this part of the decree was beyond the present issues. The court which must finally pass upon the fixing and division of the fees in its decree of final settlement should not be hampered by a decree forestalling any phase of that question. The clause of the decree to which we have referred should have been omitted.

Defendant's contention in this connection that no final accounting or decree of distribution can be had on the estate here involved is not tenable. It is true that the law touching nonintervention wills, as it existed at the date of testatrix' death, made no provision for final accounting in court. Rem. Code, § 1444. But § 92 of the act of 1917, Laws 1917, p. 666, does make such provision, and should be held to govern every case in which the executor or trustee of a nonintervention will had not fully executed the terms of the will and distributed the estate prior to the taking effect of that act. That provision relates to a mere matter of procedure. *Strand v. Stewart,* 51 Wash. 685, 99 Pac. 1027. It does not affect injuriously any vested right. It in no sense interferes with the actual management of the estate by the executor or trustee. Herein lies a plain distinction between this act and the act of 1897 requiring all insolvent estates to be administered throughout in court, regardless of the terms of any will, which this court held could not apply to prior nonintervention wills. *State ex rel. Phinney v. Superior Court,* 21 Wash. 186, 57 Pac. 337. The obvious purpose of the provision for final decree in the act of 1917 is to make a record title of the estate distributed, a thing beneficial to all con-

cerned and not inimical to the powers of the executor or trustee to carry out the trust created by the will.

Plaintiffs earnestly urge that West should have been removed from the trusteeship on the showing made. Though a marked spirit of antagonism had developed between the trustees, it all seems to have grown out of the matters which we have discussed. These being adjusted, we incline to the view of the trial court that there is nothing to prevent the trustees from future harmonious cooperation in the management of the estate. In this connection it is pertinent to note that the duty of preserving harmony rests alike on both trustees. There is nothing to indicate that West has not acted in good faith on advice of counsel. Such applications are addressed largely to the discretion of the court and the power of removal should be cautiously exercised. As said by an eminent writer:

"The power of removal of trustees appointed by deed or will ought to be exercised sparingly by the courts. There must be a clear necessity for interference to save the trust property. Mere error, or even breach of trust, may not be sufficient; there must be such misconduct as to show want of capacity or of fidelity, putting the trust in jeopardy." 1 Perry, Trusts, p. 417, § 276.

West committed an error, but no breach of trust. The trial court found that he has "ably and efficiently managed the estate and property." We find nothing to indicate that his retention as trustee will jeopardize the trust. The court did not err in refusing to remove him.

Finally, each party claims the right to costs and attorney's fees, and that the same should be ordered paid from the estate. We think otherwise. The contest was one mainly personal to the trustees. We agree with the trial court that each party should bear his own

costs and disbursements. Plaintiffs are, however, entitled to their costs in this court.

The foregoing effectually disposes of every question raised by defendant's appeal.

The cause is remanded with direction that the decree be modified in accordance with the views herein expressed.

PARKER, MAIN, FULLERTON, and CHADWICK, JJ., concur.