[No. 19632. Department Two. August 25, 1926.]

*In the Matter of the Estate of* DR. J. W. THOMAS.[1]

[1] APPEAL (102)—RIGHT TO APPEAL—CESSATION OF CONTROVERSY. An executor's appeal from an order of final distribution will be affirmed as to questions involving the rights of distributees, where it appears that they had assigned their interest before the trial and were represented at the final hearing and satisfied with the order made.

[2] EXECUTORS AND ADMINISTRATORS (165)—COMPENSATION—RATE AND COMPUTATION. An order allowing an executor's fees for services rendered and directing a continuation of the administration and a further report thereon, is not a final allowance of his fees, and the executor is entitled to have the matter further considered and determined in the final decree of settlement.

Appeal from a judgment of the superior court for King county, Douglas, J., entered October 6, 1925, upon an order fixing the compensation of an executor upon the distribution of an estate, tried to the court. Reversed.

*Edgar S. Hadley* and *J. W. Robinson,* for appellants.

*McClure & McClure, Baxter, Jones & Hughes, Herr, Bayley & Croson, Warren H. Lewis, W. G. Beard,* and *Robert Grass,* for respondents.

MITCHELL, J.—This is an appeal from a final order of distribution of the property and a settlement of account rendered by the executor under a non-intervention will. The appeal is on behalf of the executor as such, and as an individual with respect to the compensation allowed for services rendered. A motion to dismiss the appeal has heretofore been denied by order of this court.

[1] The executor's appeal as such involves, (1) that portion of the final order construing the will to

¹Reported in 248 Pac. 804.

the effect that certain bequests mentioned therein are absolute and vested immediately, and (2) that portion of the order that a bond, distributed to one of the legatees by direction of the will, should not be charged with certain sums due thereon at the date of the testator's death that were paid by the executor.

As to the first question there was before the trial court, at the time of the hearing, an instrument which has been filed in the cause by which the residuary legatees for a valuable consideration bargained, sold and conveyed all their right, title and interest in and to those bequests to the legatees thereof mentioned as such in the will.

As to the second question, it appears that all of the distributees interested under the order were represented at the hearing when the order was made and appear to be satisfied with that order. It follows, therefore, that both of these matters are no longer of importance to the executor, and the final order in these respects is affirmed.

[2] The appeal presents the further question of the sufficiency of the compensation allowed the executor for the services, usual and extra, that he claims to have rendered. The question is whether a certain allowance made months before the final hearing was intended to be all inclusive for that purpose. A report and petition was presented by the executor, who asked for a hearing to consider and determine the account of his receipts and disbursements, an application for an allowance for his services, and for a construction of the will. The report and petition showed and recited the necessity for further proceedings in the estate before it could be finally closed. Upon notice and the appearance of interested parties the report and petition were heard. The account of receipts and disbursements by

the executor was approved, a certain amount was fixed as compensation for the executor who was directed to further proceed with matters that were pending and necessary to be disposed of before the final closing of the administration. The judge, before whom that hearing was had, resigned from the bench shortly thereafter.

Some months later, the executor made a further and final report showing the estate ready to be closed, still seeking a construction of the will, and for the approval of his additional account of receipts and disbursements and for additional compensation. On the day fixed for the hearing, interested parties appearing, the account was approved and the will construed, but the court refused to allow the executor any further compensation upon the theory, as contended for by the beneficiaries under the will, that the former order of allowance of compensation must be taken, without proof, as an allowance in full for all services down to and including final distribution and discharge of the executor. This we think was erroneous. The order did not state that the allowance was intended as full compensation to the executor until the close of administration. On the contrary the order, upon speaking of the services rendered, says: "And for such services and extra services rendered said executor is hereby allowed the sum of $1,750." It covers services rendered, not those to be rendered. The report at that time was that a suit was pending, that there was confusion and misunderstanding as to the amount of inheritance taxes owing that had to be adjusted, and other things to be done before the administration could be finally closed. The order directed the continuation of the administration and a further report thereafter.

The superior court has the power under both the old

and the new probate code, in the exercise of its discretion, to permit an executor or administrator to receive a portion of his compensation during the course of and prior to the close of the administration. *In re McDonald's Estate,* 110 Wash. 366, 188 Pac. 523. At the same time, the court which must finally pass upon the fixing of fees or compensation in its final decree of settlement should not be hampered by any prior order forestalling any phase of that question. Such is the rule announced in *In re Cornett's Estate,* 102 Wash. 254, 173 Pac. 44.

In the absence of proof to the contrary and upon the face of the record in this case, we think it must be held that the order making an allowance to the executor was intended as a partial allowance only, and that the trial court should consider the executor's claim for a further allowance for his services alleged to have been ordinary as well as extra.

Reversed and remanded, with directions to proceed according to the views expressed herein.

TOLMAN, C. J., MACKINTOSH, PARKER, and ASKREN, JJ., concur.