MILDRED M. HUBBARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILDRED M. HUBBARD, FORMERLY EXECUTRIX OF THE ESTATE OF EDWARD HUBBARD. DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILDRED M. HUBBARD, AS TRANSFEREE OF THE ESTATE OF EDWARD HUBBARD, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63837, 63878, 67569. Promulgated May 2, 1934.

*Frank E. Holman, Esq.,* and *William M. Allen, Esq.,* for the petitioner.

*Chester A. Gwinn, Esq.,* for the respondent.

**624**

OPINION.

ARUNDELL: The main point at issue in these proceedings is whether the first blocks of stock sold in 1929 on order of the executrix were property of decedent's estate alone or whether such stock was property in which she had a half interest by virtue of being the survivor of the marital community. In other words, could petitioner make a division of the stock between the estate and herself prior to the termination of administration of the estate? It is conceded that the stock was community property and that petitioner had a vested interest therein.

The argument of petitioner is that, under the laws of the State of Washington, when community property is not needed to pay community debts a division of the property can be made without formal order of the probate court, and upon such division either part can be sold without regard to the other. It is respondent's position that, although the petitioner had a vested interest in the property, it was an undivided interest at all times prior to the decree of distribution, so that the profit on all sales during the period of administration belonged jointly to petitioner and the estate.

We do not understand that respondent questions the validity of the sale, but only the identity of the property sold. But to resolve any doubts as to this, we think it clear that the validity of the sale is beyond question. In the absence of a statute, an executor has full power to sell or dispose of personal assets of the estate and give good title without special provision of the will or order of court. *Williams* v. *Cobb*, 242 U.S. 307. The statutes of Washington, §1492, Remington's Compiled Statutes, provide that no sale " of any property of an estate shall be made except under an order of the court, unless otherwise provided by law." This provision, however, does not appear to be applicable to the administration of an estate under nonintervention wills. Sections 1462 and 1463, Remington's Com-

piled Statutes, 1922,[1] provide that where a testator directs adminis-
tration without court intervention, and it appears that the estate
is solvent, then the estate "may be managed and settled without the
intervention of the court." In such cases the executor has full power
to sell the property of the estate without court order and without
notice, approval, or confirmation. While provision is made in §1462
for a decree of settlement, "it is established that no final decree is
necessary." *Schirmer* v. *Nethercutt*, 157 Wash. 172; 288 Pac. 265.
Nonintervention wills have been provided for by statute in Wash-
ington since 1868, and the right to administer under such wills
without court intervention "is not a limitation, but rather a
grant of power to the executor." *In re Megreath's Estate*, 142 Wash.
324; 253 Pac. 455; affirmed on rehearing, 256 Pac. 503. Upon a
showing of solvency in a nonintervention case, the estate "passes
from under the immediate jurisdiction of the court, and the court
would have no jurisdiction to enter an order of sale." *Fulmer* v.
*Gable*, 73 Wash. 684; 132 Pac. 641. It is further said in that case:

* * * It has been the policy of this court to put a most liberal construc-
tion on these laws, to the end that the object intended (that is, the saving
of costs and the burdening and clouding of title with court proceedings) could
be avoided by those who have property subject to testamentary dispositions.

One of the statutory prerequisites to a nonintervention settlement
of an estate is a decree of solvency by the probate court. It appears
in the case before us that no such decree was obtained prior to the
sale of the stock by petitioner, but we think that no valid objection
can be raised on this ground in view of the stipulation that the

---

[1] § 1462. *Settlement Without Court Intervention—Order of Distribution—Mismanage-
ment—Citation.*

In all cases where it is provided in the last will and testament of the deceased that
the estate shall be settled in a manner provided in such last will and testament, and
that such estate shall be settled without the intervention of any court or courts, and
where it duly appears to the court, by the inventory filed, and other proof, that the
estate is fully solvent, which fact may be established by an order of the court on the
filing of the inventory, it shall not be necessary to take out letters testamentary or of
administration, except to admit the will to probate and to file a true inventory of all the
property of such estate and give notice to creditors and to the state board or person
having charge of the collection of inheritance tax, in the manner required by existing
laws. After the probate of any such will and the filing of such inventory all such
estates may be managed and settled without the intervention of the court, if the last
will and testament shall so provide. But when the estate is ready to be closed the
court, upon application, shall have authority and it shall be its duty, to make and
cause to be entered a decree finding and adjudging that all debts have been paid, finding
and adjudging also the heirs and those entitled to the same, such decree to be made
after notice given as provided for like decrees in the estates of persons dying in-
testate. * * * L. '17, p. 666; § 92.

§ 1463. *Powers of Nonintervention Executors.*

Executors acting under wills such as are mentioned in the last preceding section
shall have power, after the filing of an inventory of the estate, if the said estate has
been adjudged solvent, to mortgage, lease, sell and convey the real and personal property
of the testator without an order of the court for that purpose and without notice,
approval or confirmation, and in all other respects administer and settle the estate
without the intervention of the court. [L. '17, p. 667, § 94.]

estate of the deceased was at all times fully solvent, the decree of solvency during the course of administration, and the decree of the probate court of April 29, 1930, declaring the estate to be fully solvent. " The only purpose of the adjudication of solvency is to determine whether the estate shall be administered according to the provisions of the [nonintervention] will or according to the provisions of the statute." *Strand* v. *Stewart*, 51 Wash. 685; 99 Pac. 1027. A sale even prior to probate is in effect ratified by a subsequent probate of the will, Schouler on Wills, Executors, and Administrators, 6th ed., § 2365, *In re Crim's Estate*, 89 Wash. 395; 154 Pac. 811. The decree in this case goes further and approves the report of the executrix wherein she reports that she " sold one-half, namely, 9,547 shares of said stock, which was the community interest of the deceased." Legal title given under a decree of distribution " relates back to the date of death." *Brewster* v. *Gage*, 280 U.S. 327.

Family arrangements for the settlement of estates without court intervention are favorites of the law. *Griffin* v. *Warburton*, 23 Wash. 231; 62 Pac. 765. In *Thatcher* v. *Capeca*, 75 Wash. 249; 134 Pac. 923, upon the death of the wife the husband took out letters of administration and caused the estate, which consisted of community property, to be inventoried and appraised, but proceeded no further with administration in probate court. He made no formal settlement with the heirs, but turned over to them sums aggregating $52,000. In a suit arising out of the husband's use of part of the funds retained by him, the court said:

In this state it is not essential to a valid partition of property of an estate between the persons entitled thereto that an order of the probate court be had for that purpose. If the heirs are adults, and the claims of creditors be satisfied, a valid partition can be made by agreement. *Griffin* v. *Warburton*, 23 Wash. 231, 62 Pac. 765.

And here we think there was a partition by agreement as to part of the property of the estate. It will be remembered that the administrator turned over to the heirs money in the sum of $52,000. If the estate was intact when this was done, and there is no showing to the contrary, the acceptance of this sum by the heirs implied an assent to the taking by the administrator of a like sum in his own right.

If a partition and distribution can be made as in *Thatcher* v. *Capeca*, *supra*, among several interested parties, we see no reason why the same thing may not be done by the survivor, who is also the executrix, by designation of parcels of the property where there are no adverse interests. Counsel for respondent says that an application of the principle of *Thatcher* v. *Capeca*, *supra*, to the present case would require a holding that only 3,546 shares of stock were partitioned and distributed to her. This argument is presumably based on that part of the probate court decree wherein it is set forth that the petitioner " distributed to herself  *  *  *  3,546 shares of common stock  *  *  *  and has on hand 6,000 shares of said stock." We

think this argument unsound. In the first place it would not be necessary for her to distribute to herself her full portion at one time; neither was it necessary that equal amounts be earmarked as property of the estate and as distributed to herself as a part of her community share. Secondly, and principally, we are not concerned with the portion distributed to petitioner as her community share, but with that part designated and sold as property of the estate of the decedent. The paragraph of the decree partially quoted above reads in full as follows:

That during the course of the administration of said estate said executrix up to December 31, 1929 had distributed to herself, as the owner of a vested community one-half interest in all of the property coming into her hands, 3,546 shares of common stock of United Aircraft and Transport Corporation (formerly Boeing Airplane & Transport Corporation), *and has sold one-half, namely, 9,547 shares, of said stock, which was the community interest of the deceased therein,* and has on hand 6,000 shares of said stock which are a part of her community one-half thereof. That on or prior to said date said executrix has also distributed to herself, as the owner of a community one-half interest $10,000 in cash. [Italics supplied.]

From this, and from other facts established, namely, the detailed steps taken to partition the stock, the sale of it and treatment of the proceeds as property of the decedent, and the approval of the court having jurisdiction, it is difficult to see what more could be needed to make a valid partition. We are of the opinion that it was valid and the stock sold in January and February 1929 was stock belonging to the estate of the decedent to the extent of 9,546½ shares. The profit on that number of shares should be taxed accordingly, and the profit on the balance sold in 1929 should be taxed to petitioner as sales of her individual property.

*Decision will be entered under Rule 50 in each proceeding.*