**In the Matter of the Last Will and Testament of Archie B. BETTS, Deceased.**

**No. 7087-A.**

District Court, Alaska
First Division, Juneau.

Oct. 27, 1954.

———◆———

William L. Paul, Jr., Seattle, Wash., for appellant.

M. E. Monagle, Juneau, Alaska, for executor.

FOLTA, District Judge.

This is an appeal by the widow and joint executrix, Peggy Ann Betts, from an order of the Probate Court for Juneau Precinct dismissing her petition for the removal of her joint executor, Walmer. Both were nominated by the testator in a non-intervention will. Appellant contends that the order is erroneous because (1) Walmer refused to render a final account, or one in such form, so far as supporting data is concerned, as to make it verifiable and understandable; (2) he excluded her from participation in the administration of the estate; and (3) he executed a satisfaction of judgment in the name of the estate without her assent.

The Probate Court found that the appellant had not been excluded from participation in the administration of the estate and concluded that since the will was of the non-intervention type, no final account was required. Whether such accounting is required under a non-intervention will is the principal question presented.

Section 61–10–1 of the Alaska Code provides:

"In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, and where it also duly appears to the court, by the inventory filed, and other proof, that the estate is fully solvent, * * * it shall not be necessary to take out letters testamentary or of administration, except to admit to probate such will, and to file a true inventory of all the property of such estate in the manner required by existing laws. And after the probate of such will and the filing of such inventory all such estates may be managed and settled without the intervention of the court, if the said last will and testament shall so provide: * * * And provided further, if the party named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties taking

under the will, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heirs, it shall be the duty of the court of the precinct wherein such estate is situated to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them, have been or are about to be damaged by such actual doings of the executor, then letters testamentary or of administration shall be had and required in such cases, and all other matters and proceedings shall be had and required as are now required in the administration of estates, * * *."

I am of the opinion that in authorizing the settlement of estates without the intervention of the courts, the legislature intended to relieve executors of the duty to render an accounting except where they fail to properly discharge their trust. Not only does the text warrant such a construction but in view of the fact that the compilation known as Alaska Compiled Laws, Anno., 1949, was enacted into law by Chapter 101, S.L.A.1951, the heading of the section quoted * * * "Settlement of Estates Without Administration" * * * also requires that the statute be so construed. Further support for this view may be found in the decisions construing Section 1462 of Remington's Rev. Stat. of Washington (identical with the local statute) as not requiring an accounting, Cornett v. West, 102 Wash. 254, 173 P. 44, 47. In 1917 a provision was added to the Washington statute expressly requiring an accounting. Since no other state has the identical statute, it may be safely assumed that the local statute was adopted from that jurisdiction. Its adoption in 1923 with the construction placed upon it, without the provision added in 1917, is clearly indicative of a legislative intent that the

provision of Section 61–16–1 of the Code, requiring executors to account semi-annually and finally, should not apply to the management and settlement of the estates under non-intervention wills. It follows therefore that the order of the Probate Court should be affirmed.